### HOUSEMAN v. KARICOFE.

1. Automobiles—Personal Injuries—Liability of One in Charge —Question for Jury.

In an action against a father, mother, and son for personal injuries caused by a collision with an automobile owned by the mother while plaintiff was riding a bicycle on a public street, testimony of the son, who was of age, that he was in the car with invited guests, that he took the car without the permission of either father or mother, that the driver was acting under his orders, that the driver had no directions from either the father or mother concerning the car on that occasion, and his admission that on a previous trial he testified he was in charge of the car on the trip in question, presented a question of fact as to whether he was in charge of the car, rendering him liable.[1]

2. Same—Directed Verdict.

Testimony that the day's outing was planned by the father and mother for the pleasure of the son and his guests, and that they arranged with the driver to go and drive the car by reason of the son's incapacity, *held*, sufficient to present a question of fact for the jury, and the court below was in error in directing a verdict in their favor.

3. Same—Credibility of Witnesses—Joint Defendants.

The question as to whether the testimony was trustworthy was one for the jury; and the question should have been

[1]See notes in 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59, 63; L. R. A. 1916F, 223.

submitted to the jury as against all three defendants to find which one, if either, of conflicting theories was the proper one.

4. SAME—WITNESSES—SERVANT OR AGENT OF OPPOSITE PARTY.

In such action, a servant in a hotel conducted by the father was properly called for cross-examination by plaintiff under section 12554, 3 Comp. Laws 1915, providing for the calling of the opposite party, or an employee or agent of the opposite party.

Error to Kent; Perkins, J. Submitted January 17, 1918. (Docket No. 111.) Decided June 3, 1918.

Case by Glen Houseman against Gabriel Karicofe, Agnes Karicofe, and Oliver Karicofe for personal injuries. Judgment for defendants Gabriel and Agnes Karicofe on a directed verdict and for plaintiff against defendant Oliver Karicofe. Plaintiff and said defendant bring error. Reversed.

*Nichols & Shaw* (*James K. Nichols*, of counsel), for plaintiff.

*Pleasant I. Phillips*, for defendants.

BIRD, J. Plaintiff was injured while riding his bicycle on Division street in the city of Grand Rapids, by being in collision with a motor car owned by defendant Agnes Karicofe and driven by one Frank Kutchel. Plaintiff contends that the circumstances under which the collision occurred show that the driver was guilty of negligence. In response to a motion to direct a verdict in behalf of defendants, the trial court granted the motion as to Gabriel and Agnes but sent the issue to the jury as against Oliver, and they returned a verdict for plaintiff of $500. The verdict pleased neither plaintiff nor defendant Oliver and both have assigned error.

Plaintiff's principal contention is that the trial court

was in error in holding, as a matter of law, that Gabriel and Agnes were not liable, the contention being that the testimony presented an issue of fact as to their liability which should have been submitted to the jury. Defendant asserts that the trial court was in error in refusing to direct a verdict in behalf of Oliver.

The record discloses that the relation of the defendants is father, mother and son; that Gabriel conducts the City Hotel in Grand Rapids and resides therein with his family; that the son, Oliver, is 23 years of age and assists about the work in the hotel; that he is a paralytic and the inference is that he is cared for and treated much as a minor son would be. The mother, Agnes, owned a motor car in August, 1915. A fishing party was arranged, to take place on the 12th of that month, by some member or members of the family, and two guests were invited. When the day arrived only Oliver and the guests went on the trip, with a boarder at the hotel by the name of Kutchel, who acted as chauffeur. While on their way to the lake the collision with plaintiff occurred.

We are of the opinion that the trial court properly submitted to the jury the question whether Oliver was in charge of the car. His own testimony shows that he invited the guests to accompany him; that he took the car without the permission of either his father or mother; that he directed Kutchel to go to the garage and get the car, and that Kutchel did as directed, and that Kutchel had no directions from either the father or mother concerning the car on that occasion. It further appears that he was the only member of the family in the car and that by reason of his malady he was incapacitated to drive the car on such a trip. He further admitted that on a previous trial he testified that he was in charge of the car on the trip. This testimony would justify the jury in finding that Oliver

was in the car and had charge of it at the time the collision took place.

We are likewise of the opinion that there was testimony from which the jury could have found that the day's outing was planned by both Agnes and Gabriel for the pleasure of Oliver and his guests, and that they arranged with Kutchel to go and drive the car by reason of Oliver's incapacity. If this testimony be accepted as true, Gabriel and Agnes would both be liable on the theory of master and servant, because it could then he said that at the time of the injury Kutchel was about his master's business. *King* v. *Railroad Co.,* 66 N. Y. 161 (23 Am. Rep. 37) ; *Hartley* v. *Miller,* 165 Mich. 115 (33 L. R. A. [N. S.] 81) ; *Daugherty* v. *Thomas,* 174 Mich. 371.

But it is said the testimony which tends to show this is not reliable. This may be so, but whether or not it is trustworthy was a question for the jury and not for us. We are, therefore, of the opinion that under the testimony the question should have been submitted to the jury as against all three defendants to find which one, if either, of these theories was the proper one.

2. The witness Inman was called by plaintiff for cross-examination, under Act No. 307, Pub. Acts 1909 (3 Comp. Laws 1915, § 12554). This was objected to upon the ground that she was neither a servant nor an agent of any of the defendants concerning the subject-matter in question. The act, in part, provides that:

"Hereafter, in any suit or proceeding in any court of law or equity in this State, either party, if he shall call as a witness in his behalf the opposite party, employee or agent of said opposite party, or any person who at the time of the happening of the transaction, out of which said suit or proceeding grew, was an employee or agent of the opposite party, shall have the right to cross-examine said witness, the same as if he were called by the opposite party." * * *

This provision appears to make the regular agents and servants of either party subject to the act without qualification; also other persons who may have been acting temporarily as agents or servants for either of the parties in respect to matters out of which the litigation grew. Inasmuch as the record shows that the witness had been employed in the hotel as a servant for several months prior to the accident, and therefore was a regular servant, we think the objection was properly overruled.

For the failure to submit the case against Gabriel and Agnes Karicofe, the judgment must be reversed and a new trial granted, with costs to the plaintiff.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.