FOSTER v. RINZ.

1. TRIAL—CREDIBILITY OF WITNESSES — AUTOMOBILES — PERSONAL INJURIES.

   In an action against a father and son for personal injuries to an infant received by being struck by an automobile owned and driven by the son who was in the father's employ, where the son, who was called for cross-examination under the statute, gave inconsistent testimony as to whose orders he was obeying on the occasion of the accident, it was a question for the jury and not the court as to which of his statements was correct.

2. MASTER AND SERVANT—AUTOMOBILES—NEGLIGENCE—LIABILITY OF MASTER.

   If a son while in the father's employ was directed by the latter to convey his wife to a car, and while on his return to the father's place of business the accident occurred, the relation of master and servant existed and the father would be liable for the son's negligence.[1]

3. APPEAL AND ERROR—NEW TRIAL—REVIEW.

   In passing upon a motion for a new trial, it is only where the record discloses that the verdict was manifestly

[1] See note in 10 L. R. A. (N. S.) 938.

against the clear weight of the evidence that the appellate court is authorized to act.

4. New Trial—Evidence—Weight of Evidence.
   The verdict being against the clear weight of the evidence, the court below was in error in denying the motion for a new trial.

Error to Wayne; Collingwood, J., presiding. Submitted June 19, 1918. (Docket No. 92.) Decided July 18, 1918.

Case by Seifert Foster, an infant, by Edward Foster, his next friend, and Edward Foster, individually, against Gustav A. Rinz, Sr., and Gustav A. Rinz, Jr., for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Eugene L. Miltersky* and *James A. Murtha* (*John H. Dohrman*, of counsel), for appellants.

*McIntyre & Robinson*, for appellees.

FELLOWS, J. The infant plaintiff had verdict and judgment against both defendants for $5,000, the *ad damnum* of the declaration, for being struck by an automobile owned and operated by defendant Gustav A. Rinz, Junior. The adult plaintiff, father of the infant, had like verdict and judgment for $445, which appears to slightly exceed the amount claimed to have been expended by him, including his own loss of time, growing out of the accident to said infant. Both defendants bring the case here. We shall have occasion to state the pertinent facts as we proceed.

The only evidence connecting the senior defendant with liability was that drawn from the junior defendant when on the stand as an adverse witness called for cross-examination under the statute. From his testimony it appears that he was slightly upwards of 21 years of age at the time of the accident. At that

time and for some time prior thereto, he was and had been in the employ of his father. The automobile was owned by the son and the license was in his name. Upon such cross-examination he testified that on the occasion of the accident he was returning from taking his mother to the car line to go down town. He first stated that he took her to the car line at her request; subsequently he stated that he did so at the request of the senior defendant; and later stated that he did so at his mother's request, that his father did not request him so to do, and that he was confused or misunderstood the questions when he stated his father asked him to take the mother to the car line. Defendant insists that there was no testimony connecting the senior defendant with the accident, and that the junior defendant fully explained his mistake in giving his testimony. The record discloses that the testimony of this witness on this subject was not consistent with itself. Such being the case, the question was for the jury, not for the court as to which of his statements was correct. *Lonier* v. *Savings Bank,* 153 Mich. 253; *B. F. Goodrich Rubber Co.* v. *Sewell Cushion Wheel Co.,* 196 Mich. 600. If the junior defendant, while in the employ of the senior defendant, was directed by him to convey Mrs. Rinz to the car line, and he did so and while on his return to his father's place of business, and the place of his employment, ran over the infant plaintiff, the accident occurred while the relations of master and servant existed and the master (senior defendant) was liable. *Houseman* v. *Karicofe,* 201 Mich. 420. We think the testimony most favorable to the plaintiff—and we must view it in that light on a motion for a directed verdict—is susceptible of this construction and there was no error in the ruling of the court in this regard.

The defendants moved for a new trial on the ground that the verdict was grossly against the weight of the

evidence and grossly excessive. This motion was re-
fused, and error is assigned on such refusal. A care-
ful examination of this record convinces us that this
motion should have been granted. The province of
this court, in passing upon a motion for a new trial,
is well understood. It is only in cases where the ver-
dict is manifestly against the clear weight of the evi-
dence that we are authorized to act. Such is the case
at bar. The plaintiffs produced no eyewitnesses to
the accident. Some of the testimony introduced by
the plaintiff, showing the position in the street of the
infant plaintiff and the automobile after the accident
would indicate, if unexplained, that the machine was
being driven on the wrong side of the street. One of
plaintiff's witnesses testified that the infant plaintiff
was on the sidewalk after the accident, but her testi-
mony does not clearly show whether she meant the
sidewalk proper or the cross-walk; another, in her di-
rect examination, testifies that the infant plaintiff was
struck on the sidewalk, but upon her cross-examina-
tion she admits she did not see the accident, and it is
apparent that she was testifying to her conclusion
alone. No witness called by plaintiffs testified that
the machine was exceeding the statutory or ordinance
limit of speed. The junior defendant was called as an
adverse witness for cross-examination under the stat-
ute. His testimony is to the effect that he was driv-
ing at from 10 to 12 miles per hour, that the infant
plaintiff ran into the street ahead of the machine,
that he turned his machine in attempting to avoid the
collision but the child ran in the same direction and
he was unable to do so. Two witnesses who saw the
accident and who appear to be entirely disinterested,
corroborate this testimony. The infant plaintiff was
six years old at the time of the trial. He appears to
be an exceptionally bright boy. He seems to have
clearly understood all that he was asked about and

intelligently answered the questions put to him. He was interrogated by both his attorney and the attorney for the defendants, and to both of them he stated that he ran into the street without looking either way, although he had been cautioned by both his parents not to do so. He also states that he was struck in the street and pointed out on an exhibit about where the accident occurred. One cannot read this record without being overwhelmingly convinced that this was a mishap pure and simple, and that there was nothing done by the driver which caused the accident and nothing he could have done to have prevented it.

We are constrained to reverse the case with a new trial. Defendants will recover costs of this court.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.