# TAFT v. GLADE et al.

No. 7149.   Decided December 23, 1948.   (201 P. 2d 285.)

See 44 C. J., Municipal Corporations, sec. 1591; 40 Am. Jur. 972. Services included in computing period of service for purpose of teachers' retirement benefits, note, 2 A. L. R. 2d 1033.

*Allen G. Thurman,* of Salt Lake City, for plaintiffs.

*Homer Holmgren, A. Pratt Kesler,* and *E. Ray Christensen,* all of Salt Lake City, for defendants.

LATIMER, Justice.

This is an original proceeding for an alternative writ of mandamus. The plaintiff prays that defendants be compelled to grant to her and other similarly situated librarians, assistants and employees of the Salt Lake City Free Public Library, a retirement pension and/or sickness, disability, and death benefits under the pension retirement system established for Salt Lake City employees by a city ordinance enacted pursuant to Chapter 19, Laws of Utah 1947.

The portion of Chapter 19, Laws of Utah 1947, pertinent to the instant case is as follows:

"*Section 3.* The librarians, assistants, and employees appointed by the Board of Directors of the public library of cities of the first, second, and third class, and of towns, may be *included within and participate in* the pensions retirement system and the sickness, disability and death benefits system established under the foregoing provisions of this act by proper action to that effect by such board of directors of such library; *provided, that the funds necessary either for said pension retirement system or the sickness, disability, and death benefit system, other than that part accruing from payroll deductions from salaries and wages of such librarians, assistants, and employees, shall be derived from the revenues raised for the benefit of the library fund,* the amount to be raised by payroll deductions to be fixed by the Board of Directors of the library at the same rate as the payroll deductions which shall be fixed by the governing body of the city or town in which such library is located." (Italics ours.)

Pursuant to the provisions of Section 1 of the act, the Board of Commissioners of Salt Lake City, a city of the first class, on or about May 20, 1947, enacted an ordinance creating a pension retirement system for city employees. The ordinance, in part, provides that the pension system shall be supported in the following manner: Each month 3% of the wage or salary of employees earning $200 per month or less shall be deducted and placed in the city pension fund; the city is then required to contribute a sum equal to the total of all wage deductions.

On October 23, 1947, at a regular meeting of the Board of Directors of the Salt Lake City Public Library, a resolu-

tion was passed, the terms of which provides that the directors elect to have the librarians, assistants and employees of the library included within the Salt Lake City plan and be entitled to participate in the retirement and death benefits established by the Salt Lake City ordinance. The resolution authorizes the city auditor to deduct from the monthly wages of library employees such sums as are provided by the city ordinance for city employees, and to deduct from library funds an equal sum or such other amounts as may be necessary for such purpose. The resolution further provides that all money deducted from wages or other library funds shall be paid into the city pension fund.

Upon receipt of the resolution the city auditor deducted three per cent from the monthly wages of library employees together with a like amount from the library fund and placed both sums in a special trust fund for the payment of pensions to library employees. On December 4, 1947, plaintiff Adah Taft, an employee of the library, made application to the Mayor and City Commission for retirement and requested pension payments from the city pension fund. On December 30, 1947, the Mayor, under authority of the City Commission, returned the application stating this was a matter to be handled by the directors of the library rather than the city administration. It is the refusal by the city commission to acknowledge Mrs. Taft's claim and pay it from the Salt Lake City pension fund that gives rise to the present petition for mandamus.

To best illustrate the reason for the dispute, a few additional facts are recited. The only deductions taken from Mrs. Taft's salary were for the months of November and December of 1947. The city auditor deducted three per cent of her salary for these months which amounted to a total of $10.40 and made a corresponding deduction of $10.40 from the library fund. Accordingly, $20.80 was the total amount of payments made by Mrs. Taft and the library board to the pension fund. Basing monthly pension payments to Mrs. Taft on the formula given in Chapter

19, Laws of Utah 1947, and accepting her life expectancy as computed by the American Tables of Mortality, the amount necessary to make the required payments to her will be $8,386.82.

Mrs. Taft met the requirements as to age and service for retirement under the provisions of the statute and while a number of incidental questions have been presented by the parties, the principal question raised by this proceeding is whether the Salt Lake City pension fund must bear the burden of paying the pension requirements of the library employees or whether the money necessary for this purpose must be made available by the directors of the library.

This being an original petition in this court, we have not been favored with any evidence touching on the questions of whether or not by combining the two systems in one, the costs and expenses of administration, the health insurance premium rates, the employee contributions, or the matching funds, would be increased or decreased by permitting library employees to participate in the Salt Lake City fund. Neither have we been furnished with any factors such as age, numbers or classification of employees to assist us in determining whether or not the legislature could have reasonably concluded that the operation of a separate plan by the library would not be desirable. We are, therefore, required to determine the legislative intent without evidence touching on the most important question raised by plaintiff.

It is our duty in interpreting a statute to give effect to the legislative intent as expressed by the wording of the statute. If reasonably possible, effect should be given to every part of a statute and if the enactment is subject to one or more interpretations by reason of conflicting provisions, then that construction which will harmonize and give effect to all provisions is preferred.

Were we to adopt a construction of the statute which would require the city plan to bear the pension burden of

library employees without reimbursement from library funds, we would be required to either change or ignore the wording of the section which provides that ■ funds necessary either for the pension retirement system or the sickness, disability or death benefit system other than pay roll deductions should be derived from library funds. This provision does not limit the payments from the library fund to those funds necessary to match the funds paid by employees of the library. The fair meaning of the words is that if additional costs, expenses and benefit payments are imposed on the city pension plan to operate and maintain the pension and the health benefits plan for library employees, they must be paid by the library board.

We so construe the statute and by such construction do not destroy the intent of the legislature to permit the library employees to participate and be included in the Salt Lake City plan. The two parts of the section dealing with participation by employees and payment of costs from library funds are divisible and not so related that one depends upon the other. Participation in the plan could be for the benefit of both the employee and the library or it might be beneficial only to the employees. Employees of the library who meet the requirements of the system can be permitted to participate and be included in the plan regardless of who pays the cost. By way of illustration, Mrs. Taft can obtain a health and accident policy on the same terms and conditions as city employees, whether or not Salt Lake City funds or library funds are used to pay the premiums. She can obtain the same type of policy and the same coverage and protection as the employees of Salt Lake City, even though the charges may be assessed against library funds. Insofar as she is concerned, she can participate and be included within the insurance plan to the same extent as all city employees. Likewise, she is entitled to her retirement benefits, regardless of who must eventually reimburse the fund. She must meet the same conditions imposed

by Salt Lake City on its employees and the amount of her pension payments are computed on the same basis as are theirs. In the event she discontinues her employment, she is entitled to have her contributions returned. For her to be included and participate in the benefits of the plan is not contingent upon Salt Lake City assuming the costs of her participation.

The legislature, has, however, placed certain requirements on the library board before any library employee is eligible to participate in the plan. The statute provides that the library board must take proper action before its employees are entitled to participate, and, under the wording of the statute, we believe this action consists of at least two separate and distinct acts. The first of these acts is to pass the necessary resolutions permitting the employees to participate; and the second is to provide the funds necessary for the cost of the participation. According to the record before us, the first act has been performed, but the second one has only been partially performed; that is, the library board has made matching funds available, but to date the amount of money needed to pay Mrs. Taft's monthly pension payments has not been advanced.

When the legislature said that the funds necessary for the retirement and health benefit systems should be paid out of library funds, it did not express an intention to impose additional obligations on city funds. A contrary intention is both expressed and implied. The act excepted pay roll deductions from library funds, and having so excepted these funds, it seems logical to assume that had the legislature intended to exempt other payments from library sources, it would have so stated.

Aside from the express wording of the statute, the construction we adopt is in keeping with the former decisions of this court. We have previously held that pension payments are in the form of additional compensation for future services rendered. In view of other provisions of the statutes which provide that the library funds shall be kept sep-

arate and apart from city funds and shall be used for payment of compensation to employees, it would be inconsistent with these enactments to interpret this statute so that it would in effect repeal those other legislative declarations and make city funds available for payment of additional compensation to library employees.

We recognize the possibility that the library board may not be benefited by the joint arrangement. The cost of participating in the city plan might be less or it might be equal to the cost of maintaining a separate library pension plan. The legislature could have permitted the library board to establish its own pension plan. However, by the enactment in question, the legislature provided for a joint arrangement and we are unable to say that because the library may not be benefited by the plan that the legislative act of joining the two could serve no useful purpose. It is conceivable that the legislators might have reasonably believed that economies in administration might be effectuated by consolidating in one plan what would have otherwise required two separate systems.

Our interpretation of the statute is that the legislature intended to permit the library employees to become part of the city plan, on the condition that any and all additional costs created by the inclusion—be they matching funds, pension payments or otherwise—be paid from library funds. In this particular instance, the payments to Mrs. Taft of her monthly retirement benefits are additional costs imposed on the Salt Lake City fund and by the plain wording of the statute these costs must be paid into the pension fund by the library board from library funds. Until such time as the library board makes the funds available to pay Mrs. Taft's monthly payments, the defendants need not recognize her demand.

The alternative writ heretofore issued is recalled.

McDONOUGH, C. J., and PRATT, WADE, and WOLFE, JJ., concur.