## ROGERS et al. v. WAGSTAFF et al.

No. 7586.   Decided June 19, 1951.   (232 P. 2d 766.)

See 60 C. J. S., Motor Vehicles, sec. 443. Parent, imputation of child's negligence to. 38 Am. Jur., Negligence, secs. 240, 241.

*Gustin, Richards & Mattsson* and *Fred H. Evans,* all of Salt Lake City, for appellant.

*McCullough, Boyce & McCullough,* Salt Lake City, for respondent.

WOLFE, Chief Justice.

Jo Ann Lemmon applied for a driver's license when she was sixteen years old. The license was granted because her father, W. E. Lemmon, signed the application with her in accordance with Section 57-4-12, Utah Code Annotated, 1943. The statute provides as follows:

"57-4-12. Application of Minors—Liability of Persons Signing Application.

"(a) The application of *any person under the age of eighteen years* for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by the father of the applicant, if the father is living and has custody of the applicant, otherwise by the mother or guardian *having custody of such minor,* or in the event that a minor has no father, mother, or guardian, then an operator's license shall not be granted to the minor unless the application is signed by an employer of such minor or by some other responsible person who is willing to assume the obligation imposed under this act upon a person signing the application of a minor.

"(b) Any negligence or willful misconduct of a *minor under the age of eighteen years* when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct (except as otherwise provided in the next succeeding subsection).

"(c) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this state, then the department may accept the applicaion of such minor when signed by one parent or the guardian of such minor, and while such proof is maintained such parent or guardian shall not be subject to the liability imposed under the preceding subsection of this section.

"(d) Any person who has signed the application of a minor for a license may thereafter file with the department a verified written request that the license of said minor so granted be canceled. Thereupon the department shall cancel the license of said minor and the person who signed the application of such minor shall be relieved from the liability imposed under this act by reason of having signed such application on account of any subsequent negligence or willful misconduct of such minor in operating a motor vehicle.

"(e) The department upon receipt of satisfactory evidence of the death of the person or persons who signed the application of a minor for a license shall cancel such license and shall not issue a new license until such time as a new application, duly signed and verified, is made as required by this act. This provision shall not apply in the event the minor has attained the age of eighteen years.

"(f) All operators' licenses issued to persons who are under the age of eighteen years at the effective date of this act are hereby canceled until they have been duly reapplied for as provided in this section." (Italics added.)

One year later Jo Ann married Paul L. Wagstaff. Before she reached her eighteenth birthday she drove a motor vehicle against Gary Rogers, a minor, while on an errand for her husband. Gary's father was appointed Guardian ad litem by the court and a complaint was filed against Jo Ann Wagstaff, her husband Paul Wagstaff and her father W. E. Lemmon. The defendant, W. E. Lemmon, moved for a summary judgment and filed affidavits in support thereof, stating that by virtue of Jo Ann's marriage, she had attained her majority under Section 14-1-1, U. C. A. 1943:

"14-1-1. Period of Minority. The period of minority extends in males to the age of twenty-one years and in females to that of eighteen years; *but all minors obtain their majority by marriage.*" (Italics added.)

The affidavit also stated that W. E. Lemmon was divorced from his wife a month before Jo Ann's marriage and that the custody of their daughter, Jo Ann, was given to Mrs. Lemmon. Therefore, the defendant, W. E. Lemmon, contends that the provisions of Section 57-4-12, U. C. A. 1943, imputing the negligence of a minor to the person who has signed the application of such minor for a driver's license have no application in the present controversy. The motion of W. E. Lemmon was granted by the trial court and findings of fact and conclusions of law were duly entered and the cause was dismissed as to W. E. Lemmon. Plaintiff appeals, contending that the statutory liability imposed by the Motor Vehicle Act is not affected by the marriage of the applicant driver or by a change in custody by virtue of a divorce decree.

The court below in granting the motion for summary judgment construed the word "minor" as used in the Motor Vehicle Act, to have the same denotation given in Section

14-1-1, U. C. A. 1943 concerning child welfare. By such interpolation a parent would be exempt from financial responsibility for the child's negligence when the child obtains its majority by marriage instead of reaching its 18th birthday. The Legislature did not intend the statute to be so construed.

The primary rule of construction of statutes is to ascertain and carry into effect the intention of the legislature, *Taft* v. *Glade,* 114 Utah 435, 1948, 201 P. 2d 285. The first sentence of Section 57-4-12, U. C. A. 1943 states that

"The application *of any person under the age of eighteen years* * * * shall be signed * * * by the father of the applicant, if the father is living and has custody of the applicant, otherwise by the mother or guardian having custody of *such minor* * * *." (Italics added.)

The words "such minor" refers to "any person under the age of eighteen years" and clearly indicates that the subject matter of the statute is persons under the age of eighteen years. "Minor" is thereafter used as an alternative synonym in order to do away with cumbersome repetition. Subsection (f) requires

"All operator's licenses issued to persons who are under the age of eighteen years at the effective date of this act"

to be cancelled. This sentence does not contemplate any exceptions to the provisions for cancellation of driver's licenses belonging to persons under the age of eighteen years. The word "minor" in this instance means a person under the age of eighteen years, without regard to his or her emancipation from minority due to marriage or any other reason. There is no exception to the coverage of the statute over the class of applicants between sixteen and eighteen years of age.

This statute was enacted to protect the public by requiring proof of financial responsibility in behalf of persons under the age of eighteen years before issuance of a driver's license. Although upon marriage a minor child attains its majority and is deemed to be thereby emancipated from its parent's control,

"the statutory liability for imputed negligence * * * does not depend upon the relationship or continued control over the minor on the part of him who signs the application. It is a separate statutory liability * * * created by signing the application for the license and thereby vouching for the careful conduct of the driver, independently of their relationship, or continued control over the operator," *Easterly* v. *Cook*, 140 Cal. App. 115, 35 P. 2d 164, 167.

The parent who wishes to be relieved from liability for the child-driver who marries or moves away from home while under the age of eighteen must take advantage of subsection (d) which allows him to file a written request that the license of the said minor be cancelled.

From what has been said in regard to this separate statutory liability, it follows that a change in the legal custody of a minor does not affect the responsibilities imposed by the statute. *Buelke* v. *Levenstadt*, 190 Cal. 684, 214 P. 42; *Sgheiza* v. *Jakober*, 132 Cal. App. 57, 22 P. 2d 19.

The judgment is reversed. Costs awarded to appellant.

WADE, LATIMER, McDONOUGH, and CROCKETT, JJ.