SHALER *v.* REYNOLDS.

SAME *v.* HACKETT.

1. AUTOMOBILES—MINORS—LIABILITY OF STEPMOTHER.

Stepmother of 16-year-old boy whose custody had been awarded to his own mother and who had not been legally adopted by the stepmother was a stranger to the plaintiff's cause of action for personal injuries due to boy's operation of an automobile while living with father and stepmother and which had been purchased with funds the boy had earned while he was living with his mother.

2. SAME—PARENT AND CHILD—TITLE.

Father of 16-year-old boy was properly not subjected to liability for injuries sustained by plaintiff through boy's operation of automobile while living with father, where the father had never had title to the car, had not contributed to its purchase, and the boy was not employed by the father nor acting as his agent.

3. SAME—NEGLIGENCE—MINORS—LICENSES.

Father with whom 16-year-old boy was living at time car the son owned injured plaintiff may not be subjected to liability for son's negligence, where no facts are recited reflecting upon the son's capacity to drive or his prior driving habits and the son possessed an unrestricted driver's license issued under State law, as this State has not recognized the family-purpose doctrine (CLS 1956, § 257.308).

4. SAME—MOTHER—TITLE—MINORS.

Mother of 16-year-old boy who owned car which had been paid for from his own earnings was not liable for injuries inflicted upon plaintiff due to son's operation of the car merely be-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5A Am Jur, Automobiles and Highway Traffic §§ 562, 571.

[3] 5A Am Jur, Automobiles and Highway Traffic § 601 *et seq.*

[4] 5A Am Jur, Automobiles and Highway Traffic § 571.

Giving motor vehicle to minor driver as rendering donor liable for driver's acts. 36 ALR2d 735.

cause she had signed his application for a license to operate a car and had briefly held title to the car in her own name, where pertinent statute does not contain provision that parent who signs application assumes responsibility for the negligent acts of the minor driver (CLS 1956, § 257.308).

Appeal from Saginaw; O'Neill (James E.), J. Submitted April 7, 1960. (Docket Nos. 30, 31, Calendar Nos. 48,316, 48,317.) Decided September 15, 1960.

Case by Forrest Henry Shaler against Jack Reynolds, Elsie Reynolds, and Robert Jeffery Reynolds, a minor, represented by Virginia Hackett, his guardian ad litem, for personal injuries and property damage resulting from automobile collision. Similar action by Forrest Henry Shaler against Virginia Hackett. Cases, as to adult defendants, dismissed on motion. Plaintiff appeals. Affirmed.

*Joseph J. Trogan,* for plaintiff.

*Heilman & Purcell,* for defendants.

Per CURIAM. In 2 separate actions plaintiff seeks to hold responsible for his injury the divorced parents (and a stepparent) of the 16-year-old driver and owner of an automobile which was involved in an accident with plaintiff.

On separate motions, heard at the same time, the trial judge took testimony under Court Rule No 18, § 3 (1945), and dismissed both cases as to the adult defendants.

The cause of action in the first case continues as to the minor.

The undisputed facts in these matters are recited thus by appellant's brief:

"Robert Jeffery Reynolds was a little over 16 years of age at the time of the accident on November

13, 1957. Previous to the issuance of the certificate of title to Robert Reynolds on October 15, 1957, of the 1950 Ford automobile the certificate of title had been obtained and placed in the name of Virginia Hackett. Virginia Hackett had purchased the automobile with money earned by Robert Jeffery Reynolds while he lived with her. Virginia Hackett permitted Robert Jeffery Reynolds to drive the automobile. The last contact Virginia Hackett had with Robert Jeffery Reynolds was within the first 2 weeks of October, 1957, although the decree of divorce gave her legal custody. Robert Jeffery Reynolds started Saginaw high school the end of October, 1957. Virginia Hackett did not take Robert Jeffery Reynolds out in the automobile and show him how to operate the auto. Virginia Hackett did not tell Robert Jeffery Reynolds when he could go to Saginaw and visit his other parent. He would go on his own volition. Robert Jeffery Reynolds has not been driving very long. Driver's license issued August 8, 1957. Virginia Hackett didn't know if she signed application. Robert Jeffery Reynolds eating, sleeping, and living with Jack Reynolds in Saginaw."

The only significant question posed by the first appeal is whether or not the pleadings, plus the undisputed facts established at hearing, established a cause of action against the father of the minor and Elsie Reynolds, his new wife.

As to the latter defendant, it appears conceded that her relationship at best was that of stepmother to Robert Jeffery Reynolds. No adoption proceedings or custody in her are alleged. There is no allegation which indicates that she either owed or violated any duty as to plaintiff. On this record, she was legally a stranger to the cause of action and as to her, obviously, the case should have been dismissed.

Defendant Jack Reynolds is the father of Robert Reynolds. Although his divorced wife, Virginia Hackett, had legal custody of the boy, in fact, Robert was living at the time of the accident with his father while going to high school in Saginaw.

No facts are pleaded which indicate that the father had anything to do with purchasing the car for Robert or with his acquiring a driver's license, or any connection with his driving the car on the occasion in question.

Robert owned the automobile. He was legally entitled to do so. *Parks* v. *Pere Marquette R. Co.*, 315 Mich 38. See, also, 27 Am Jur, Infants, § 6. The title to the car was not, and never had been, in his father's name, nor did his father contribute toward its purchase.

It is plain that this pleading established no action based either upon the father's ownership of the automobile or upon his furnishing of an automobile to Robert.

There are no facts pleaded either which in any way serve to establish that Robert was employed by his father, or was acting as his father's agent. *Cf. Foster* v. *Rinz,* 202 Mich 601.

The remaining allegations assert that it was actionable negligence for the father to have allowed his son to drive, or to have failed to prohibit him from doing so.

At the time of the accident Robert was 16 years, 7 months of age. No facts are recited which reflect upon his capacity to drive, or his prior driving habits. He possessed an unrestricted driver's license issued under State law. CLS 1956, § 257.308 (Stat Ann 1952 Rev § 9.2008).

We see no way by which the father can be held negligent for allowing that which Michigan public policy as expressed by statute specifically permits.

Michigan has not recognized the "family-purpose" doctrine relied upon by appellant.*

The cause of action was properly dismissed as to Jack Reynolds also.

While much of what has been said in relation to the first case may well be applicable also to the second, 2 additional facts must be recited.

The mother, as legal custodian, signed the application for Robert's driver's license. And briefly she held title to the car in her name.

In some States the licensing statute provides that the parent who signs such an application assumes responsibility for the negligent acts of the minor driver. (See *Rogers* v. *Wagstaff,* 120 Utah 136 [232 P2d 766, 26 ALR2d 1316]; *Bispham* v. *Mahoney,* 37 Del 285 [183 A 315]; *Pascoe* v. *Payne,* 124 Cal App 528 [12 P2d 1091].)

The Michigan statute, however, contains no such provision (CLS 1956, § 257.308 [Stat Ann 1952 Rev § 9.2008]), and we see no justification for our reading it in.

The undisputed facts indicate that Robert bought the car with his own earnings. We do not believe that the fact that title was briefly in the mother serves to make her its owner after divestiture.

We have reviewed but find no merit in appellant's other contentions.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

* For cases illustrating family-purpose doctrine, see *Stevens* v. *Van Deusen,* 56 NM 128 (241 P2d 331); *Robinson* v. *Ebert,* 180 Wash 387 (39 P2d 992).