Nancy RODGERS, Plaintiff
and Appellant,

v.

Terry Michael FREBORG and Layton
Freborg, father, Defendants
and Appellees.

Civ. No. 9169.

Supreme Court of North Dakota.

March 24, 1976.

Christensen & Baer, Bismarck, for plaintiff and appellant; argued by Richard B. Baer, Bismarck.

Pearce, Anderson, Pearce, Thames & Pearce, Bismarck, for defendants and appellees; argued by Harry J. Pearce, Bismarck.

ERICKSTAD, Chief Justice.

On November 27, 1969, Nancy Rodgers was injured in an automobile accident. The driver of the car was Terry Freborg, a minor at the time. Terry's father, Layton Freborg, owned the car and had signed the license application of Terry pursuant to the requirement of Section 39–06–08, N.D.C.C., as it then read:

"39–06–08. *Application of minors.* —The application of any person under the age of eighteen years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by the father, mother, or guardian, or, in the event there is no parent or guardian, then by another responsible adult who is willing to assume *the obligation imposed under this chapter upon a person signing the application of a minor.*" [Emphasis added.] N.D.C.C.

The obligation of the sponsor is imposed by Section 39–06–09, N.D.C.C., which read in pertinent part:

"39–06–09. *Liability for negligence of minor—General.*—Any negligence of a minor under the age of eighteen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence, [unless the minor has proven his own financial responsibility pursuant to Section 39–06–10]." N.D.C.C.

[Both sections were amended to replace the references to the age of eighteen years with the general term "minor." There has been no other change in either section since the time of the accident which gives rise to this litigation.]

At the time of the accident, Terry Freborg was under the age of eighteen years. Following depositions of both Terry Freborg and Nancy Rodgers, counsel for both the plaintiff and the defendants stipulated to the absence of intoxication, willful misconduct, or gross negligence on the part of Terry. The District Court then dismissed the cause of action against him but withheld dismissing the action against the minor driver's father, Layton Freborg.

This cause of action arose before our decision in *Johnson v. Hassett,* 217 N.W.2d 771 (N.D.1974), wherein we held the guest statute, Chapter 39–15, N.D.C.C., to be in violation of the North Dakota Constitution. In *Johnson,* we limited the decision to that case and "to claims for relief accruing on and subsequent to the date of this opinion, March 29, 1974." *Id.,* at 780.

Following dismissal of the action against the driver-son, counsel for Nancy and for the owner-father stipulated also to the absence of gross negligence, willful misconduct, or intoxication on the part of the owner-father, Layton Freborg. The trial court thereupon ordered a judgment dismissing Nancy's cause of action against Layton.

The trial court was apparently cognizant of this Court's decisions in *Posey v. Krogh,* 65 N.D. 490, 259 N.W. 757 (1934), and *Rau v. Kirschenman,* 208 N.W.2d 1 (N.D.1973), to the effect that a guest may not recover from a non-driving owner under a theory of negligent entrustment unless the owner was guilty of gross negligence in entrusting his automobile to the driver.

As a result of the agreements between the parties, the factual basis for entry of a summary judgment is established. This Court must determine a precisely framed matter of law: Did the Legislature by its later enactment, Section 39–06–09, N.D. C.C., intend to abrogate application of the guest statute, Chapter 39–15, N.D.C.C., where a licensed minor negligently operates a motor vehicle so as to injure his guest?

We conclude that the Legislature did not so intend, and we affirm the judgment of the trial court dismissing the causes of action against the Freborgs.

North Dakota's guest statute provided in pertinent part that "[a]ny person who as a guest accepts a ride in any vehicle moving upon any of the public highways of this state, and who while so riding as such guest receives or sustains an injury, shall have no right of recovery against *the owner or driver or person responsible for the operation of such vehicle.*" [Emphasis added.] Section 39–15–02, N.D.C.C. By Section 39–15–03, N.D.C.C., the Legislature indicated that the guest law did not preclude "liability for injury to or death of a guest proximately resulting from the intoxication, willful misconduct, or gross negligence of such owner, driver, or person responsible for the operation of such vehicle."

Nancy contends, however, that Section 39–06–09, N.D.C.C., *supra,* "creates a statutory cause of action against the sponsor of an application of a minor for a permit or license when such minor is guilty of 'any negligence' when driving a motor vehicle." Alternatively, she suggests that Section 39–06–09, N.D.C.C., impliedly amended the guest law which had been previously enacted.

Considering the language of Section 39–06–09, N.D.C.C., itself and its relation to the rest of the chapter, particularly Section 39–06–10, N.D.C.C., we do not believe that the Legislature intended to create a statutory cause of action against the sponsor free from the constraints of the guest law. Section 39–06–09, N.D.C.C., imputes any negligence of a minor when driving a motor vehicle upon a highway to his sponsor, but it does not explicitly state that the sponsor will be liable for any negligence of the minor. The sponsor's liability, we believe, must be established through the special statute applicable to the facts of this case—the guest statute.

■ Clearly, the Legislature intended by these sections to preclude issuing permits and licenses to members of a class of the population that is ordinarily judgment-proof. The Utah Supreme Court concluded that Utah's statute, similar to the above sections, "was enacted to protect the public by requiring proof of financial responsibility in behalf of persons under the age of eighteen years before issuance of a driver's license." *Rogers v. Wagstaff,* 120 Utah 136, 232 P.2d 766, 769, 26 A.L.R.2d 1316, 1319 (1951).

As we have concluded that the Legislature did not intend to create a new cause of action by enacting Section 39–06–09, N.D. C.C., so, too, we do not believe it intended to impliedly amend the guest law.

S.L.1955, Ch. 251, was a Legislative Research Committee bill which substantially revised North Dakota statutes concerning drivers' licenses. Sections 39–06–08, –09, and –10, N.D.C.C., originated in Sections 8, 9, and 10 of the bill. The guest law had been previously passed; see S.L.1931, Ch. 184. Thus, the chronological setting for an implied amendment of the guest law exists.

■ Courts hesitate to find an implied amendment of a previous statute.

"* * * Amendments by implication, like repeals by implication, are not favored and will not be upheld in doubtful cases. The legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the provisions of the prior law that they cannot stand together.

"Amendment by implication is identical with repeal by implication when only part of the prior statute is repealed. The latter characterization is most often applied to this situation. * * *" 1A Sands, Sutherland Statutory Construction § 22.-13, at 139–140 (4th ed. 1972).

■ In *Tharaldson v. Unsatisfied Judgment Fund,* 225 N.W.2d 39 (N.D.1974), we set forth the following syllabus paragraphs:

"4. Repeals by implication are not favored. It is a reasonable presumption that all laws are passed with a knowledge of those already existing, and that the Legislature does not intend to repeal a statute without so declaring.

"5. To overcome the presumption against an implied repeal, it must be shown that the conflict between the two provisions is irreconcilable. Section 1–02–07, N.D.C.C.

"6. In order to find an implied repeal, there must be a clear repugnancy between the provisions of the new law and the old statute to such an extent that a necessary implication arises that the Legislature by enactment of the latter act intended to repeal the former, and then

only to the extent of its repugnancy." *Id.,* at 41.

We do not find a clear repugnancy between Section 39–06–09, N.D.C.C., and Chapter 39–15, N.D.C.C., sufficient to raise a necessary implication that the Legislature intended to repeal any part of Chapter 39–15, N.D.C.C. The responsibility statute merely imputes the negligence of the minor driver to his sponsor, while the guest statute precludes recovery from the owner or driver or person responsible for the operation of the vehicle unless the guest's injury proximately resulted from the intoxication, willful misconduct, or gross negligence of such person.

Nancy asks us, however, to consider a decision of the Kansas Supreme Court, *Bisoni v. Carlson,* 171 Kan. 631, 237 P.2d 404 (1951). The "thrust of the holding in *Bisoni* is that the guest statute does not affect the liability of an owner if the owner is not driving the automobile." *Neilson v. Gambrel,* 214 Kan. 339, 520 P.2d 1194, 1196 (1974).

*Bisoni* has been criticized by courts in other jurisdictions. Without repeating here the criticisms of *Bisoni* found in an Iowa case, *Hardwick v. Bublitz,* 253 Iowa 49, 111 N.W.2d 309, 313–314 (1961), suffice it to say that because of the similarities between Iowa's guest law and North Dakota's, we find the Iowa decision more persuasive:

"* * * We cannot reasonably hold that the use of the words 'owner or operator' meant *owner-operator,* but must hold they in fact contemplated and intended *to protect both the owner and the operator from all liability due to ordinary negligence of either* and to hold both liable to the guest for damages suffered, when it is alleged and proven that the operator drove recklessly or while under the influence of intoxicating liquor. We cannot reduce the protection to include only an owner-operator without doing violence to the clear expression of the statute, * * * Obviously such a conclusion would not square with the intention expressed by our statute, nor with the reasonable and logical purpose that we

have announced was the legislative intendment. [Citations omitted.] * * * " [Emphasis in original.] *Id.* 111 N.W.2d at 314.

Finally, we find in a Delaware decision support for our conclusion. After concluding that there was nothing in the record to establish the degree of culpability in the driver's conduct necessary to establish liability under Delaware's guest statute, the court asked whether the other defendant, the driver's father, was nonetheless liable to the plaintiffs under either of two statutes, one of which imputed any negligence of a minor to the sponsor of his license application. The court further noted the special nature of the guest statute and the general nature of the other two statutes. *See* Section 1–02–07, N.D.C.C. It concluded that

" * * * The Delaware statutes, read together, may be harmonized by construing the parental-responsibility statute as placing liability on the parent in all cases in which the minor is liable to a third party, but eliminating the parent's liability in cases in which the minor is not liable to a guest.

"This construction of the statutes finds some support in the language of the parental-responsibility statute. The parent is 'jointly and severally liable *with*' the minor. (Emphasis supplied.) This appears to mean that the parent is liable to the extent, but only to the extent, that the minor is liable." *McHugh v. Brown,* 11 Terry 154, 50 Del. 154, 125 A.2d 583, 587 (1956).

■ For the reasons stated in the opinion, we conclude that Section 39–06–09, N.D.C.C., neither creates a new cause of action nor impliedly amends Chapter 39–15 (declared unconstitutional in *Johnson v. Hassett, supra,* effective for causes of action arising on or after March 29, 1974). Negligence imputed from a minor driver to his sponsor in causes of action by a guest arising prior to March 29, 1974, must satisfy the requirements of the guest statute. In this case, the parties stipulated to the absence of intoxication, willful misconduct, or gross negligence in Terry's operation of the vehicle and in Layton's entrustment of the vehicle to Terry.

The dismissal of Nancy's cause of action against Layton was proper under *Rau v. Kirschenman, supra,* and our decision today. The trial court's summary judgment in favor of Terry was proper under the guest statute which was in effect at the time of the incident which gave rise to the complaint in this case. We, therefore, affirm.

VOGEL, PAULSON and SAND, JJ., concur.

PEDERSON, Justice (concurring specially).

I concur, even though it makes me feel very uncomfortable to have this court say to Nancy Rodgers that the guest statute (Chapter 39–15, NDCC) is unconstitutional [*Johnson v. Hassett,* 217 N.W.2d 771 (N.D. 1974)], but because you had your accident before March 29, 1974, you cannot even agree with us that it is unconstitutional. The sunburst [*Sunburst Oil & Refining Co. v. Great Northern Ry.,* 91 Mont. 216, 7 P.2d 927 (1932)] appears to have blinded us and Nancy's counsel.