SUNBURST OIL & REFINING CO., RESPONDENT, *v.* GREAT NORTHERN RAILWAY CO., APPELLANT.

(No. 6,843.)

(Submitted November 7, 1931. Decided February 5, 1932.)

[7 Pac. (2d) 927.]

*Mr. W. L. Clift,* and *Mr. R. J. Hagman* and *Mr. J. P. Plunkett* of the Bar of St. Paul, Minnesota, for Appellant, submitted a brief; *Mr. Plunkett* argued the cause orally.

*Messrs. Hurd, Hall & McCabe,* for Respondent, submitted a brief; *Mr. H. C. Hall* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from a judgment of the district court of Cascade county, entered October 17, 1930, awarding the plaintiff $3,262.25, together with interest and costs, by reason of alleged unjust and unreasonable freight charges collected by the defendant from the plaintiff for the transportation of 266 cars of petroleum distillate on the defendant's railroad from Kevin and Sunburst to Great Falls, between August 28, 1926, and August 4, 1928. The rate charged was in accordance with the published tariff of the board of railroad commissioners then in effect, prescribing a rate of 20½ cents per hundred pounds on crude petroleum distillate from Kevin and Sunburst to Great Falls, subject to an estimated weight of 7.4 pounds per gallon.

On April 19, 1929, the plaintiff filed a complaint with the board of railroad commissioners, in which it is alleged that

the correct weight on crude petroleum distillate is 6.653 pounds per gallon, and that as a result of the defendant having computed its charges on the basis of an estimated weight of 7.4 pounds per gallon, the plaintiff was required to pay unjust and unreasonable charges on such shipments. The board found the rates charged to be unjust and unreasonable to the extent that the prescribed estimated weight exceeds or exceeded an estimated weight of 6.6 pounds per gallon. This action was instituted to recover the amount of alleged overpayments. On appeal to this court the cause was consolidated with No. 6845, *Montana Horse Products Co.* v. *Great Northern Ry. Co.*, ante, p. 194, 7 Pac. (2d) 919, and the two were argued and presented together, it being conceded that each involved the primary question of whether, under the laws of this state, the board of railroad commissioners has power and authority to make a retroactive order finding that the rates charged and collected on the shipment of petroleum distillate from Kevin and Sunburst to Great Falls of 20½ cents per hundred pounds on an estimated weight per gallon of 7.4 pounds (which rate had been approved by the board and was in effect at the time the shipments were made), were unjust and unreasonable, thus permitting the plaintiff to recover the amount charged and collected on the basis of such tariff and the amount found by the commission to be a reasonable rate based upon the actual weight of crude petroleum distillate.

We have made careful examination of the authorities and are of opinion that our decision this day rendered in the case of *Montana Horse Products Co.* v. *Great Northern Ry. Co.* is controlling.

In computing freight tariffs, both rate and weight are factors in the equation, and it is common practice with respect to commodities like petroleum to fix an estimated weight which shall govern in computation of the tariff rather than the actual weight. (12 I. C. C. 306.) In the case of *Northern Pac. Ry. Co.* v. *Department of Public Works,* 136 Wash. 389, 240 Pac. 362, wherein it appears that the commission fixed rates on intrastate shipments of certain wood on a basis

of 128 cubic feet per cord, and later, in a supplementary order established 192 cubic feet per cord, as the estimate on which to base the tariff, it was by the court held that the second order was prospective and not retroactive, and that a shipper who shipped such wood during the period the first tariff was in effect on estimated measurement could not recover reparation of the difference between what he was charged on a 128 cubic foot basis and what the charge would have been on a 192 cubic foot basis, inasmuch as at the time of shipment, rates on the basis of 128 cubic feet were standard and lawful. In the case of *Actual Weights on Crude and Fuel Oil*, 69 I. C. C. 194, 195, it is said: "The practice of shipping petroleum oils under estimated weights has long been in effect." In that case the Interstate Commerce Commission ordered the carriers serving the oil-fields in Kansas, Oklahoma, and Texas to cancel a tariff by which they proposed to substitute actual weights on crude and fuel oil for the estimated weights previously existing as a part of their published tariffs. And in the case of *W. N. White & Co.* v. *Baltimore & O. S. W. R. Co.*, 12 I. C. C. 306, 307, it is said: "The commission has recognized the right of carriers, in order to facilitate the movement of business, to fix an estimated weight upon certain standard packages upon which a rate is based. This estimated weight is taken into consideration in the making of the rate itself, and of such estimated weights shippers have the right to complain before this commission and secure relief."

The practice of estimating weights is not improper if fairly carried out. (1 Drinker on The Interstate Commerce Act, p. 264; *Barrow* v. *Yazoo & M. V. R. Co.*, 10 I. C. C. 333.)

In the case of *Semet-Solvay Co.* v. *Director General*, 83 I. C. C. 492, 493, involving the oil of coal-tar shipments, the actual weight of which was found to be 7.38 pounds per gallon, it is said: "The record leaves no doubt that the shipments consisted of light oil of coal tar from the destructive distillation of coal, which during the period of movement was included in the classification under coal-tar oil, crude, not

otherwise indexed by name, and in the commodity tariffs as coal-tar oil. Since the provision in the commodity tariffs was not amended during the period of movement, the charges on complainant's shipments were correctly assessed on the basis of an estimated weight of 8.5 pounds per gallon.''

In the case of *Henderson Lumber Co.* v. *Baltimore & O. R. R. Co.*, 60 I. C. C. 159, 161, involving the shipment of posts on an estimated weight prescribed in the published tariffs it is said: ''The application of estimated weights, where for practical reasons it is inconvenient or impossible to ascertain actual weights, benefits both shipper and carrier, and is not to be condemned except where it appears that the estimate is not fairly representative of the actual weights.'' See, also, *Sun Co.* v. *Indianapolis S. R. R. Co.*, 22 I. C. C. 194, and *Simpson Fruit Co.* v. *Wells Fargo & Co.*, 23 I. C. C. 412.)

Since the finding by the commission as to the unreasonableness of the rate because of the difference between the actual and the estimated weight of the oil operated prospectively only, and the only lawful tariff which could be exacted by the carrier was that which was at the time prescribed in its published tariff as fixed by the commission, it is apparent that the plaintiff is not entitled to damages by way of reparation. Common-law rights of the shipper are superseded by the statute.

Under our statutes, so long as the rates established by the commission are in force, they are presumed to be reasonable, and neither the commission nor the courts have power to retroactively declare such established rates unreasonable, and thus permit the recovery of damages to the extent of the overplus paid by a shipper or an undercharge collected by the carrier. (*Montana Horse Products Co.* v. *Great Northern Ry. Co.*, supra.) However, because of our misinterpretation of the statutes in the case of *Doney* v. *Northern Pacific Ry. Co.*, 60 Mont. 209, 199 Pac. 432, pointed out in the Montana Horse Products Company decision, we are constrained to hold, as we did in the last-mentioned case, and for the same reasons, that the *Doney Case* measured the rights of the plaintiff herein and prescribed its remedy, notwithstanding our

present views fully set forth in the *Montana Horse Products Company Case.*

For the reasons stated, the judgment will stand affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS concur.

MR. JUSTICE FORD: I concur in the conclusion reached.

---

ON MOTION FOR REHEARING.

(Filed February 5, 1932.)

MR. JUSTICE GALEN delivered the opinion of the court.

For the reasons stated in our opinion rendered in the companion case of *Montana Horse Products Co.* v. *Great Northern Ry. Co.,* ante, p. 194, 7 Pac. (2d) 919, on petition for a rehearing, this day decided, a rehearing is denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS concur.

MR. JUSTICE FORD: I concur in the result reached.