INGMAN, RESPONDENT, *v.* HEWITT, APPELLANT.

(No. 7,758.)

(Submitted September 30, 1938. Decided November 17, 1938.)

[86 Pac. (2d) 653.]

268

*Mr. C. E. Pew,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Messrs. Weir, Clift & Bennett,* and *Mr. Newell Gough, Jr.,* for Respondent, submitted a brief; *Mr. Harry P. Bennett* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to recover the sum of $437.65, with interest from August 11, 1931, as the balance due for goods, wares and merchandise sold by him to defendant. By answer defendant admits that he made the purchase of the goods, wares and merchandise, but alleges that they constitute the first items of an account which was taken over by the Ohio-Keating Gold Mining Company with plaintiff's knowledge, and that these items were carried in the account between plaintiff and the Ohio-Keating Gold Mining Company and were paid by general credits paid by the corporation to plaintiff.

The reply put in issue the affirmative allegations of the answer.

The evidence, briefly summarized, shows that plaintiff conducts a merchandising business at Marysville; that between February 26 and August 11, 1931, he sold goods consisting of dynamite, caps and fuse to defendant for mining operations in the sum of $875.10, on which defendant paid $146.20 on March 12, 1931, $83.75 on May 9, $83.75 on June 6, and $123.75 on August 1, leaving a balance due in the sum of $437.65.

In June, 1931, defendant and others organized the Ohio-Keating Gold Mining Company to carry on the mining business theretofore conducted by defendant. Defendant testified that there was an agreement between him and his creditors that the latter would look to the corporation for payment of their claims. Plaintiff, on the other hand, testified that defendant agreed to pay the indebtedness incurred by him personally and to guarantee the payment for goods sold to the corporation, and requested that the account be carried in the name of the corporation. It was shown that a separate action is pending against defendant for the amount of the corporation's indebtedness guaranteed by him. In accordance with the request of defendant, the bills were submitted to the corporation, including the items contracted by defendant personally and for which this action was brought, but plaintiff testified that he looked

to defendant personally for the payment of the sum due him as defendant's personal debt, and that he looked to him as guarantor of the debt thereafter incurred by the corporation.

Exhibits were introduced by plaintiff showing the items sued for. Defendant introduced as exhibits register slips constituting a continuation of the account, but against the Ohio-Keating Gold Mining Company, which carried forward the balance due from defendant personally. These exhibits show a credit of $250 by cash as of November 9, 1931, and $250 for a bond of the corporation which plaintiff says he purchased by giving credit on the account. It is these credits which defendant contends discharged the claim here sued upon, if they were applied on the first items of the account as they should have been. Defendant raised the point by motion for a nonsuit, by motion for a directed verdict, and a motion for a new trial.

Defendant relies upon section 7430, Revised Codes, and particularly upon that portion of that section which provides, in substance, that if neither party makes an application of payment, the same shall be applied to the obligation earliest in date of maturity. He also contends that aside from the statute plaintiff himself so applied the credits as to discharge those earliest in maturity.

Defendant's contentions in these respects cannot be sustained. In the first place, there is no evidence tending to show that the corporation ever consented to having payments made by it applied in discharge of the personal debt of defendant. Neither the plaintiff nor defendant could so apply the payments in the absence of consent of the corporation. Furthermore, the jury was warranted in finding that plaintiff had actually applied the credits to the corporate debts and looked to the defendant to pay his own personal debt. In other words, if plaintiff's version of the transactions was correct—and whether so or not was for the jury—then plaintiff actually did make application of the credits otherwise than so as to discharge the items first maturing.

Defendant next contends that the verdict is against law in that it is contrary to an instruction. Defendant offered

the following instruction: ''If you find from the evidence that the items sued for by the plaintiff were carried forward by the plaintiff into his account with the Ohio-Keating Gold Mining Corporation, and that the payments made to the plaintiff by the defendant and by said corporation and credited upon the plaintiff's account with said corporation exceed the amount of the items sued upon, you will find your verdict in favor of the defendant.'' Plaintiff objected to the instruction, asserting amongst other grounds that it amounted to an instruction that the jury find for the defendant. The objection was overruled and the instruction was given.

Under the undisputed facts, the instruction did amount to an instruction to find for defendant. The jury found for plaintiff and in doing so had to ignore the instruction. The instructions constitute the law of the case which the jury is bound to obey. (*Allen* v. *Bear Creek Coal Co.*, 43 Mont. 269, 115 Pac. 673; *Cowden* v. *Crippen*, 101 Mont. 187, 53 Pac. (2d) 98.) And a verdict contrary to the instructions is against law, necessitating a new trial, and this even though the instruction be erroneous. (*Wallace* v. *Weaver*, 47 Mont. 437, 133 Pac. 1099; *DeYoung* v. *Benepe*, 55 Mont. 306, 176 Pac. 609; *Lacey* v. *Great Northern Ry. Co.*, 70 Mont. 346, 225 Pac. 808, 38 A. L. R. 1331; *McAllister* v. *Rocky Fork Coal Co.*, 31 Mont. 359, 78 Pac. 595.)

Plaintiff contends that the bill of exceptions was not settled and filed in time, and that his motion to strike it on that ground should have been sustained. On this point the facts are that at the conclusion of the trial on March 30, 1937, the court granted defendant 30 days in addition to the statutory time to prepare, serve and file a bill of exceptions. On May 14 the court made another order granting defendant 60 days in addition to the statutory time to file and serve the bill. On July 7 the court granted until September 1 to file and serve the bill. On August 24 the court, pursuant to affidavits of necessity, extended the time until November 1. On October 23 a further extension was granted until November 15, based also on affidavits.

The point of difference between the parties turns upon the question as to when the law required the serving and filing of the bill irrespective of the extensions. Defendant relies upon that part of section 9390, Revised Codes, reading: ''Whenever a motion for a new trial is pending, no bill of exceptions need be prepared or settled until the decision of the court upon motion for a new trial has been rendered, but a bill shall be prepared and settled in the same manner and within the same length of time after the decision on the motion for a new trial as is hereinafter provided for the making and settling of bills of exceptions. * * * .''

Defendant filed a motion for a new trial on April 2. It was later argued and on June 14 was submitted to the court for decision. The court did not act on the motion and on June 29, by force of statute (sec. 9400), it was overruled. Hence, by virtue of section 9390, defendant's bill under the statute was not due until 15 days after the motion for new trial was overruled by operation of law. Before that time expired defendant obtained an order extending the time until September 1, or less than 60 days. Before that time expired, the time was later extended on affidavits of necessity to November 1. Before November 1, and again on affidavits, the time was further extended beyond the time within which it was actually served and filed.

The court properly declined to strike the bill of exceptions. This case is not controlled by that of *O'Donnell* v. *City of Butte*, 72 Mont. 449, 235 Pac. 707, for there the time for serving and filing a bill of exceptions, after the motion for a new trial was deemed denied, had expired before an extension of time had been granted. Such are not the facts here.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE GODDARD, and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

Rehearing denied January 25, 1939.