CASH, Appellant, v. KNAPP, Respondent.

(No. 8,150.)

(Submitted April 21, 1941.   Decided May 2, 1941.)

[113 Pac. (2d) 343.]

*Mr. Paul T. Keller,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. J. T. Thomas,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This action originated in a justice's court for Lewis and Clark county, and from a judgment for the plaintiff appeal was taken to the district court for that county, where a trial was had before a jury which resulted in a verdict for the defendant. From the judgment based on the verdict, this appeal is taken.

The specifications of error are two in number, the first being that the verdict was contrary to the evidence, and the second is that it was contrary to the law as set forth in the instructions.

This court has said many times in the past that the jury is ▇ the judge of the evidence, and if there is substantial evidence on which the finding of the jury may be based, this court will not disturb such finding. (*Brown Bros. Lumber Co.* v. *Mitchell,* 95 Mont. 408, 26 Pac. (2d) 969.)

In this case there can be no question of the sufficiency of the evidence to sustain the findings. Briefly summed up, the testimony is that the defendant purchased from the plaintiff, a dentist, a set of false teeth at an agreed price of $160. Of this amount $10 was paid and the balance is the subject of this suit. On the part of the plaintiff the testimony is that the teeth were built in accordance with the usual dental practice, after impressions had been taken of the defendant's mouth; that they fit the defendant's mouth, and that ordinarily in the case of a patient whose teeth had been extracted within a few months before the fitting of the false teeth, the patient suffered some discomfort when first using the false teeth, and that some time is necessary in order to become accustomed to the plates. The

plaintiff's testimony then is that the teeth were reasonably fit for the purpose for which they were intended.

On the part of the defendant, the testimony is that the teeth were not reasonably fit for the purpose for which they were intended. His testimony is that he could not eat while wearing the teeth, that he had difficulty talking with them, that when he drank water the teeth ''floated,'' that he wore them as much as possible during a period of at least two weeks, but that they were still unsatisfactory, and testified to other facts to the same effect.

Some contention is made by the plaintiff that the defendant has not qualified himself as an expert to testify as to whether or not the teeth were reasonably fit for the purpose for which they were intended. No objection was made to his testimony at the time, and certainly his testimony was not introduced as expert testimony within the ordinary rule. He testified, as he was qualified to do, as to the physical facts in connection with the teeth as he knew them. Surely, since he was the one for whom the teeth were made and the one wearing the teeth, or attempting to wear them, then he was better qualified to speak on these facts than anyone else possibly could have been. The record clearly contains substantial evidence to support the verdict of the jury.

Under the second specification, the appellant argues that the jury failed to follow the instructions of the court which are the law of the case under the Montana decisions. (*Ingman* v. *Hewitt,* 107 Mont. 267, 86 Pac. (2d) 653.) All of the instructions were given without objection and the particular instruction which the appellant urges the jury ignored is instruction No. 4, which reads: ''You are instructed that if you find that the false teeth made by Dr. Cash were reasonably fit for the purposes for which they were ordered, then the plaintiff has fulfilled his duty under the agreement between the parties.''

In his brief and reply brief appellant cites a number of cases holding that a dentist, or other professional man, is not a guarantor of his work. Under the instructions here given,

those cases have no application. The question of fact, which it is, as to whether or not the teeth were reasonably fit for the purposes for which they were ordered, was left to the jury to determine. The jury had the testimony of the plaintiff to the effect that they were reasonably fit for the purposes intended, and that evidence was substantiated to some extent by the testimony of another dentist. On the other hand, it had the testimony of the defendant as to his experience with the teeth and the difficulties that he had with them. There was substantial evidence to support its findings on this question and nothing in the record indicates that the jury disregarded that instruction.

Finding no error, the judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.

Rehearing denied May 27, 1941.