McVAY, Appellant, *v.* McVAY, Respondent.

No. 9385.

Decided May 7, 1954.

270 Pac. (2d) 393.

Mr. Leon L. Bulen, Mr. Gille V. Wooten, Mr. Dalton T. Pierson, Missoula, for appellant.

Mr. John F. Patterson, Jr., and Mr. John Forsythe, Missoula, for respondent.

MR. CHIEF JUSTICE ADAIR:

*On Motion to Dismiss Appeal.* On October 14, 1947, Daniel M. McVay, as plaintiff, commenced suit seeking a divorce from his wife, Katherine McVay, and also the custody of the two children of the marriage, both then infants of preschool age.

By decree entered in the district court on January 7, 1949, the defendant wife was granted an absolute divorce and provision was made for the custody of the children.

Each party to the suit desired a divorce and neither took an appeal from the decree so that, after the lapse of six months after its entry, the decree became, was and is final insofar as it determines the marital status of the parties.

R. C. M. 1947, sec. 21-138, provides: "In an action for divorce the court or judge may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.".

Subsequent to the making and entering of the decree of

divorce of January 7, 1949, there have been various attempts to modify the trial court's sundry orders directing the custody, care and education of the children of the marriage. These attempts at modification were made under the authority of sec. 21-138, supra. See State ex rel. McVay v. District Court, 126 Mont., 382, 251 Pac. (2d) 840.

On April 8, 1953, the plaintiff father filed in the trial court a motion supported by affidavit, seeking modification of that court's former order of April 10, 1951, giving directions for the custody, care and education of the children.

On May 8, 1953, the defendant mother filed a motion supported by affidavit, seeking modification of the trial court's decree and order so as to authorize her to take the children outside of the State of Montana should she so desire.

On May 21 and 22, 1953, a hearing was held on the motions at which hearing numerous witnesses testified and many depositions were introduced. Counsel for each party then served and filed proposed findings of fact and conclusions of law and the motions were then submitted for determination.

On June 5, 1953, the trial court made and entered a special order after final judgment, R. C. M. 1947, sec. 21-138, denying the plaintiff father's motion and granting that of the defendant mother.

The above is an appealable order, R. C. M. 1947, sec. 93-8003, subd. 2, but to be effective the appeal must be taken within sixty days after the order is made or entered, or filed with the clerk. R. C. M. 1947, sec. 93-8004, subd. 3.

No appeal was taken from the aforesaid order within the time limit prescribed by the statute. Sec. 93-8004, subd. 3, supra.

On October 16, 1953, being 133 days after the trial court's order of June 5, 1953, was made and entered, plaintiff's counsel served and filed the following novel notice, on a printed form, which, except for the formal parts, including the title of the cause, the signatures and the acknowledgement of service, reads:

"Notice of Appeal

"You will please take notice that the Plaintiff in the above

34

entitled action hereby appeals to the Supreme Court of the State of Montana, from the final judgment and Decree of the Honorable Albert Besancon, Judge of the Fourth Judicial District of the State of Montana in Civil Case No. 16959, therein entered, in the said District Court, on the 5th day of June, 1953, in favor of the Defendant in said action, and against said plaintiff and from the whole thereof, and also and in addition, Notice is further given that the Plaintiff intends to petition the Honorable Supreme Court for a Writ of Review of the proceedings before the Honorable Albert Besancon and the final judgment of decree given and made in the above entitled proceeding by the Honorable Albert Besancon. And further notice is given that the Plaintiff intends to petition the Honorable Supreme Court for such additional relief as the Honorable Supreme Court shall deem just and equitable in the premises, including supervisory control.

"Dated this 16th day of October, 1953."

On February 3, 1954, counsel for the plaintiff father caused to be filed in the office of the clerk of this court a transcript on appeal comprising two volumes.

On February 15, 1954, counsel for the defendant mother served and, on February 16, 1954, filed in this court a written motion to dismiss the appeal for the reason that it was not taken within the time limit prescribed by law. R. C. M. 1947, sec. 93-8004.

It is elementary that statutes limiting the time for appeal are mandatory and jurisdictional. They must be strictly complied with. They must be followed to give the appellate court jurisdiction to entertain the appeal and the right of appeal is lost by the lapse of time. State ex rel. Reid v. District Court, 126 Mont., 489, 255 Pac. (2d) 693.

By appellant's delay he lost his appeal leaving this court without jurisdiction to entertain it.

The final judgment and decree dissolving the marriage and awarding an absolute divorce was made and entered on January 7, 1949, and not "on the 5th day of June, 1953" as is stated in plaintiff's notice of appeal above quoted.

In State ex rel. McVay v. District Court, supra, 126 Mont., 382, 251 Pac. (2d) 840, 845, this court, in speaking of the above decree, said: "No appeal was taken from the decree entered January 7, 1949, and, the time allowed by law therefor having long since expired, the decree became and is final so far as concerns the dissolution of the marriage."

It is not the judgment and decree dissolving the marriage and granting the divorce entered January 7, 1949, from which the plaintiff has attempted to take an appeal but it is from the special order, made and filed on June 5, 1953, to the effect: "That the defendant's motion that she be permitted to keep the children with her at Tacoma, Washington, is granted, for she, the defendant, is awarded the complete care and custody of the two children, and she may keep them with her at her home in Tacoma or at such other place as may prove advantageous to her and the welfare of the children."

The above is an appealable order. The statute allows but 60 days for the taking of an appeal therefrom. R. C. M. 1947, sec. 93-8004, subd. 3. The plaintiff failed to take his appeal within such statutory time limit. Thus was the appeal lost by lapse of time and the supreme court has no jurisdiction to entertain it.

*Certiorari.* Apparently appreciating the fact that his notice of appeal was served and filed too late to comply with the statute, sec. 93-8004, subd. 3, supra, the plaintiff gave notice that he intends to petition the supreme court for a writ of review in an effort to obtain relief from the trial court's appealable special order so made and entered June 5, 1953, being more than 4 years after the final judgment and decree of divorce had been made and entered.

R. C. M. 1947, sec. 93-9002, provides: "A writ of review may be granted by the supreme court * * * when an inferior tribunal * * * or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal * * * or officer, *and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy.*" Emphasis supplied.

In the instant case there was available to plaintiff the remedy of appeal expressly provided by statute, R. C. M. 1947, sec. 93-8003, subd. 2, and sec. 93-8004, subd. 4. Such remedy was and is "plain, speedy and adequate" had plaintiff not failed, omitted and neglected to appeal from such special order made after final judgment within the time limit prescribed by sec. 93-8004, subd. 3. See State ex rel. Reid v. District Court, 126 Mont., 489, 255 Pac. (2d) 693; State ex rel. Deck v. District Court, 64 Mont. 110, 207 Pac. 1004.

*Supervisory Control.* Finally the plaintiff gave notice that he ▆ intends to petition the supreme court for such additional relief as that court "shall deem just and equitable in the premises, including supervisory control." However, supervisory control, invoking the original jurisdiction of the supreme court, is not a substitute for an appeal allowed and provided by statute. State ex rel. Meyer v. District Court, 102 Mont. 222, 226, 57 Pac. (2d) 778, 780; State ex rel. Reid v. District Court, supra, 255 Pac. (2d) 693, 703.

R. C. M. 1947, sec. 93-8001, provides: "A judgment or order ▆ in a civil action, except when expressly made final by this code, may be reviewed as prescribed in sections 93-7901 to 93-7908 and 93-8001 to 93-8023, *and not otherwise.*" Emphasis supplied. This statute, sec. 93-8001, is both prohibitory and jurisdictional. It limits the supreme court's review of the proceedings which resulted in the appealable special order of June 5, 1953 to the method expressly provided in sec. 93-8003, subd. 2, and sec. 93-8004, subd. 3, supra. See State ex rel. Reid v. District Court, supra, 255 Pac. (2d) at page 703; State ex rel. Heinze v. District Court, 32 Mont. 579, 580, 81 Pac. 345; State ex rel. Grogan v. District Court, 44 Mont. 72, 77, 119 Pac. 174. Compare Campbell v. Campbell, 126 Mont., 118, 245 Pac. (2d) 847, 7 St. Rep. 284.

By plaintiff's delay he lost his appeal for the supreme court ▆ is lacking in jurisdiction to entertain it. Plaintiff may not obtain relief from the order of June 5, 1953 by also petitioning for certiorari or supervisory control.

The defendant's motion is granted and the appeal is dismissed.

MR. JUSTICES BOTTOMLY, FREEBOURN, ANGSTMAN, and ANDERSON, concur.