ALICE I. WILSON, Plaintiff and Respondent, v. ANDREW D. WILSON, Defendant and Appellant.

No. 9310.
Submitted May 27, 1954. Decided December 2, 1954.
Rehearing Denied January 11, 1955.
278 Pac. (2d) 219.

512

Messrs. Murch & Wuerthner, Mr. John J. Wuerthner, Great Falls, for appellant.

Mr. Robert J. Nelson, Mr. Richard B. Conklin, Mr. Joseph R. Marra, Mr. J. N. Thelen, Great Falls, for respondent.

Mr. Julius P. Wuerthner and Mr. Nelson argued orally.

MR. CHIEF JUSTICE ADAIR:

Appeal from an order modifying the custodial provisions of a decree awarding custody of three minor children.

By complaint filed September 11, 1950, in the district court of Cascade County, Montana, the plaintiff Alice I. Wilson sought an absolute divorce from her husband, the defendant, Andrew D. Wilson, on the grounds of extreme cruelty and she also sought the permanent custody of the three children of the marriage, viz: Lois Irene Wilson, a daughter then aged three years, Maral Ridley Wilson, a daughter then aged five years and Errol David Wilson, a son then aged eight years.

The defendant filed an answer denying the charges of cruelty and by cross-complaint sought dissolution of the marriage and custody of the children.

Plaintiff filed a reply to the cross-complaint and issue being joined the cause was tried to the court sitting without a jury.

Following the trial the court on December 6, 1950, made and filed written findings of fact, conclusions of law and decree.

In its findings of fact the court found: That defendant had been guilty of extreme cruelty toward plaintiff as charged in her complaint; that neither the plaintiff nor the defendant then had a fit or proper place in which to keep the three children; that

the children's aunt, Miss Alice Wilson, she being a sister of the defendant, had requested that she be awarded the custody of the children; that said aunt had a good home and could furnish the children with a fit place in which to live and that such aunt then was a fit and proper person to have the care, custody and control of the children.

From such findings the court concluded that the plaintiff Alice I. Wilson was entitled to a decree of absolute divorce and that the care, custody and control of all the children should be awarded to their aunt, subject however to reasonable visitation privileges by the father.

*Judgment.* From its findings the trial court concluded that the plaintiff was entitled to have the marriage dissolved whereupon it made and caused to be entered a decree wherein it adjudged:

"1. That the plaintiff be and she is * * * granted a decree of absolute divorce from the defendant.

"2. That the care, custody and control of the three minor children of the parties hereto, Lois Irene, Maral Ridley and Errol David are awarded to Miss Alice Wilson, an aunt, subject however to reasonable visitation periods by the defendant herein. The plaintiff to have the right of taking the children with her from the home of the said Miss Alice Wilson on Sunday from ten o'clock a. m., until six o'clock p. m. of said day, provided, however, that the said children are on that day kept by the said Alice I. Wilson under her surveillance and control and in a fit and proper place.

"3. That the defendant pay the sum of $60.00 to the plaintiff herein for the period from December 1, 1950 to January 1, 1951 as and for the support and maintenance of the plaintiff during that period of time."

Apparently both the plaintiff and the defendant were satisfied with the judgment rendered. Each had asked for a decree of absolute divorce and such was the character of the judgment entered.

No appeal was taken from the above decree within six months

after the entry thereof, R. C. M. 1947, Sec. 93-8004, subd. 1, or at all and the decree became and is final so far as it concerns the complete and absolute dissolution of the marriage. R. C. M. 1947, sec. 93-8706; State ex rel. McVay v. District Court, 126 Mont. 382, 251 Pac. (2d) 840, 845, 8 St. Rep. 169, 176, 177; McVay v. McVay, 128 Mont. 31, 270 Pac. (2d) 393, 11 St. Rep. 204, 207.

The parties severed all martial relations,—the aunt, Miss Alice Wilson, was given and she assumed the care, custody and control of the three children,—the defendant paid to plaintiff the specified sum and amount as ordered in the decree and he did and performed all acts and things required of him by such decree.

On November 21, 1952, being long after the decree had become final and almost two years after the entry thereof, the plaintiff, appearing by other counsel than had represented her in her action for divorce, filed in the district court of Cascade County a petition seeking to modify the custodial provisions of the decree so as to award to her the custody, care and control of the three children.

In her petition for modifications the plaintiff represented that the children's aunt, Miss Alice Wilson, at the time of filing such petition, was in such poor health that she was no longer physically able to give the children any care or attention. Upon the filing of the petition an order to show cause directed against the defendant was issued and served upon him to which he interposed a motion to quash which motion was disallowed. Hearings were held before the trial judge, sitting without a jury, at which numerous witnesses testified on behalf of the respective parties and it there appeared from uncontradicted testimony that subsequent to the filing of plaintiff's petition Miss Alice Wilson, the aunt to whom the custody of the children had been awarded under the original decree, had died from the illness from which she was suffering at the time plaintiff's petition was filed.

After hearing and considering the testimony of the various witnesses, the trial court on February 6, 1953, made and entered an order modifying the custodial provisions of the original

decree by awarding to the plaintiff mother the custody of her two minor daughters,—by awarding the custody of the minor son to the defendant father,—by allowing plaintiff her attorney's fees for services rendered in connection with instituting and prosecuting the proceeding to modify the provisions governing the custody of the children and by ordering certain support payments to be made by the defendant father to the clerk of the trial court for the support of defendant's two minor daughters, Maral Ridley Wilson and Lois Irene Wilson.

This is an appeal by the defendant from the aforesaid order so made.

At the hearing the trial court denied defendant's motion to dismiss the proceedings made at the close of plaintiff's testimony. Defendant here assigns as error the court's rulings disallowing his motion to quash the order to show cause and disallowing his motion to dismiss the proceedings. We find no merit in either specification.

Defendant next urges that plaintiff's petition and her evidence fail to show any change in status or condition subsequent to the making of the original decree; that as to the personal property claimed by the plaintiff the matter has become *res judicata* and that if plaintiff has been refused and denied the right accorded her by the decree to reasonably visit her children, her remedy was to resort to a contempt citation and proceeding and not to apply for a modification or change in the award of custody of the children.

While there is considerable conflict in the evidence there is ample substantial evidence in the record which, if believed, will sustain the trial court's order awarding the custody of the daughters to their mother and that of the son to his father. The statutes expressly invest the trial judge with much discretion in these matters and we find no abuse in the exercise of that discretion by the trial judge. See R. C. M. 1947, sections 21-137, 21-138, 21-139, and Barham v. Barham. 127 Mont. 216, 259 Pac. (2d) 805.

Defendant also asserts that it was error for the trial court

to allow witnesses who had been acquainted with plaintiff for considerable periods of time to give their respective opinions as to whether plaintiff was a fit and proper person to have the custody of her minor children. We find no merit in the assignment.

The rule applicable to the evidence complained of is that appearing in 32 C. J. S., Evidence, sec. 455, page 94, where it is stated: *"Opinion evidence may be given by an ordinary observer. The ordinary observer is qualified if it appears to the presiding judge that he has had sufficient opportunities for drawing the inference which he proposes to state and possesses the capacity necessary to make and state it."* Citing among other cases the case of Cash v. Knapp, 112 Mont. 101, 103, 113 Pac. (2d) 343.

Again: "Whether or not the qualifications of a witness to state his opinion is sufficiently established is a matter resting largely in the discretion of the trial court, and its ruling thereon, as appears in Appeal and Error, sec. 1604, ordinarily will not be disturbed on appeal unless there is a clear showing of abuse. If the witness has some qualifications, he should be permitted to testify." 32 C. J. S., Evidence, sec. 458(b), page 99. See also, 22 C. J., Evidence, sec. 605, page 518, note 65, citing Osmers v. Furey, 32 Mont. 581, 590, 81 Pac. 345, and cases from some 29 other states.

Defendant further contends that it was error for the trial court to order him to pay to his former wife the sum of $150 for attorney's fees for counsel whom she employed to represent her in petitioning for an order to modify the original decree of absolute divorce after such decree had become final.

It is a fundamental principle that ordinarily one party to a suit may not be called upon to pay the litigation expenses of his adversary except when and to the extent that some statute may clearly provide indemnity to the winning party by way of taxable costs in the suit.

It is well settled that proceedings for divorce are purely statutory and the power which the court exercises is only that conferred upon it by the statute. Docotovich v. Docotovich, 125

Mont. 56, 60, 229 Pac. (2d) 971, 973; Shaw v. Shaw, 122 Mont. 593, 208 Pac. (2d) 514, 525; Emery v. Emery, 122 Mont. 201, 200 Pac. (2d) 251, 264.

The state legislative assembly saw fit to make and provide a ▇ specific exception to the above fundamental and general principle in actions for divorce by empowering the courts to make allowances therein to the wife for counsel fees, but only while such action for divorce *"is pending."* R. C. M. 1947, sec. 21-137. The exception to the above general principle that the adversary's counsel fees are not allowable except in cases expressly provided for by some statute such as sec. 21-137, supra, rests fundamentally upon the existence of the martial relation for after a decree of absolute divorce has become final and the action for divorce is no longer pending there then exists no implied obligation of the former husband to his former wife arising out of their former married state. When an absolute divorce becomes final it ends the ability of the former wife to thereafter bind her former husband even for necessaries that may be supplied to his erstwhile spouse.

For these reasons there can be no justification for extending the exception provided in sec. 21-137, supra, to situations which do not clearly fall within the reasons for the provisions of such statute.

In this jurisdiction the only stautory authority granted the ▇ court for allowing suit money or attorneys' fees in an action for divorce is that contained in R. C. M. 1947, sec. 21-137, supra. Docotovich v. Docotovich, supra, 125 Mont. 56, at page 60, 229 Pac. (2d) 971, at page 973.

R. C. M. 1947, sec. 21-137, as far as is here pertinent, provides: *"While an action for divorce is pending* the court or judge may in its or his discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or *to prosecute or defend the action.* \* \* \* *During the pendency of such action,* the court or judge may, in its or his discretion, require the husband to pay as alimony any money

necessary *for the prosecution of the action* and for support and maintenance \* \* \* ." Emphasis supplied.

It will be observed that in the enactment of sec. 21-137, supra, the state legislative assembly used the phrases "While an action for divorce is *pending*" and "During *the pendency* of such action". That such phrases be neither misunderstood nor misconstrued the legislature took the extra precaution to enact a separate statute, R. C. M. 1947, sec. 93-8706, wherein it defined and precisely stated when an action is deemed to be *pending*.

R. C. M. 1947, sec. 93-8706, provides: "*Actions—when deemed pending.* An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed unless the judgment is sooner satisfied."

"Civil actions in the courts of record of this state are commenced by filing a complaint." R. C. M. 1947, sec. 93-3001.

The plaintiff commenced her action for divorce on September 11, 1950, by filing her complaint herein and on December 6, 1950, the final decree granting an absolute divorce was entered. When six months after December 6, 1950, had passed with no appeal taken from the decree so entered, R. C. M. 1947, sec. 93-8004, subd. 1, the action for divorce ceased to be pending and such decree became, was and is a final determination so far as concerns the action for divorce under the specific provisions of R. C. M. 1947, sec. 93-8706, supra. Compare State ex rel. McVay v. District Court, supra, and McVay v. McVay, supra. Apparently the parties were satisfied with the provisions of the decree as originally given and entered and neither deemed himself or herself aggrieved thereby until long after the statutory time for taking an appeal therefrom had passed.

It is only "while an action for divorce *is pending*" and "*during the pendency* of such action" that the court is authorized or empowered to require the husband (not the former husband) to pay to the wife (not the former wife) money to "enable *the wife* \* \* \* to prosecute or defend the action" as is expressly provided in sec. 21-137, supra.

Plaintiff's action for divorce was pending from September 11, 1950, until six months after the entry of the decree had passed with no appeal taken. In other words when the parties permitted six months to pass after the entry of the decree on December 6, 1950, without taking any appeal therefrom, the decree thereupon became a final determination and the action for divorce ceased to be pending. R. C. M. 1947, sec. 93-8706.

In 27 C. J. S., Divorce, sec. 216, pages 910, 911, notes 81-83, it is said: "Where allowances for expenses of suit and counsel fees of the wife are, by statute, specifically provided for it is usually held that her right to such allowances is purely statutory and cannot be extended by the court; hence such allowances can be made only in accordance with the terms of the statute; and ordinary equitable principles do not obtain."

In Hensen v. Hensen, 212 Iowa 1226, 238 N. W. 83, 84, the Supreme Court of Iowa, in construing a statute similar to sec. 21-137, supra, said: "Unless, therefore, authority is conferred by statute upon the court to award suit money and attorney fees in an application by one of the parties to secure a modification of a decree as to the subsequent custody of a minor child, none may be allowed."

In Wallace v. Wallace, 273 Mass. 62, 172 N. E. 914, the court correctly held that the power of the court to make orders for payments to a former wife for her counsel fees and expenses in proceedings for the modification of the divorce decree in respect to the custody of a child which fees and expenses were incurred after the decree for divorce had become absolute does not exist unless it is found in the statutes.

While the legislative assembly could, if it saw fit, enact a statute empowering the courts to allow a former wife her counsel fees and expenses incurred in seeking an order to modify a decree of absolute divorce long after it has become final and long after the action for divorce has ceased to be pending, the fact remains that law makers of this state have not enacted any such statute and, in the absence of such enactment, the courts should not attempt to usurp such legislative functions by writing into

the statutes other and different provisions than were enacted by the legislature.

To guard against judicial legislation and the usurpation of legislative functions the state legislative assembly enacted R. C. M. 1947, sec. 93-401-15, which provides: "In the construction of a statute * * * the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted * * *."

In Grimstad v. Johnson, 61 Mont. 18, at pages 22, 23, 201 Pac. 314, 315, 25 A. L. R. 351 at page 353, this court said: "It requires but a casual reading of section 3677, supra [Rev. Codes 1907, now R. C. M. 1947, sec. 21-137], to ascertain that the object of the Legislature in enacting it was to give the courts discretionary power, to be exercised *during the pendency of the action* upon a proper showing *by the wife* in an application for that purpose, to compel the husband to provide the means necessary to enable her to prosecute or defend the action. In other words, the power in this behalf conferred by the statute is only ancillary to, or an incident of, an action for divorce. This renders the conclusion necessary that when the main power conferred by this section has ceased to be operative the ancillary or incidental power also ceases to be operative and cannot be invoked by the wife's counsel in an independent action to charge the husband.

"Upon examination of the decided cases in other states which have the same or similar stautory provisions, we find that their courts generally agree that *counsel fees may be allowed only while the divorce action is pending.*" Emphasis supplied.

Under sec. 21-137, supra, counsel fees may be allowed *the wife* only while the divorce action is pending and not after the decree dissolving the marriage has become final for then the action for divorce is no longer pending, sec. 93-8706. It follows that the district court had no authority to award plaintiff her attorney's fees so incurred in instituting and prosecuting these proceedings seeking to modify the original decree long after it had become final.

Plaintiff's petition filed November 21, 1952, and which prompted the allowance to her of her attorney's fee was not a complaint for a divorce, but one purely and simply for an order that would give her the custody of the children. It was a simple issue of the right to custody that is frequently presented by *habeas corpus* wherein there is no provision for the allowance of attorneys' fees. At the time plaintiff's petition for change of custody because of change of conditions the defendant father had been freed of the primary obligation to contribute to his former wife's support and in the absence of a statute justifying it, the trial court was lacking in authority and power to allow the former wife her fees in these supplemental proceedings and the court's action in making the award constituted error.

The views expressed and the authorities cited by both the majority and minority of this court in McDonald v. McDonald, 124 Mont. 26, 218 Pac. (2d) 929, 15 A. L. R. (2d) 1260, as well as the express provisions of R. C. M. 1947, sections 21-137, 93-8706 and 93-401-15, supra, again have been carefully reviewed and we are of the opinion that the provisions of sec. 21-137 do not authorize the award of attorney's fees of which the defendant here complains for which reason we disapprove of the majority opinion and holding in McDonald v. McDonald, supra, on the right of the former wife to the allowance of attorney's fees in proceedings instituted to modify the custodial provisions of a final decree when the action for divorce is no longer pending and expressly overrule such majority opinion and holding in the McDonald Case, supra.

That portion of the order of modification given and entered February 6, 1953, allowing plaintiff $150 as and for her attorney's fees is set aside, vacated and ordered stricken and the cause is remanded to the district court with directions to amend its order or modification to conform with this opinion by striking therefrom all of paragraph designated "Seventh" thereof. As so amended the order of modification is affirmed. It is so ordered.

MR. JUSTICES BOTTOMLY and FREEBOURN, concur.

MR JUSTICE ANGSTMAN: (concurring in part and dissenting in part).

I concur in the result reached in the foregoing opinion so far as it affirms the order of the court awarding the custody of the children.

I disagree with that portion of the opinion which overrules the majority opinion in McDonald v. McDonald, 124 Mont. 26, 218 Pac. (2d) 929, 15 A. L. R. (2d) 1260. That the McDonald Case is supported by the great weight of authority is shown by the annotations in 15 A. L. R. (2d) 1270, et seq.

As there pointed out a divorce action is still pending after the decree of divorce is entered so that the court may make changes in alimony and the custody of children and that being so, an award of attorney's fees for the former wife may be made under R. C. M. 1947, sec. 21-137, after the divorce decree has become final. Likewise most courts that have spoken on the subject take the view as did the majority opinion in the McDonald Case that the court has the inherent power to make such an award of attorney's fees even without reference to any statute. See Note in 15 A. L. R. (2d) 1272.

Hence the majority opinion in the McDonald Case is not only supported by the clear weight of authority but it is also supported by the better reason. After a divorce has been granted it is true that the parties are no longer husband and wife. But where there are children of the marriage the husband and wife are not complete strangers to each other. The action is still pending under our statute, R. C. M. 1947, sec. 21-138, so that the court may, after judgment, make modification affecting the custody, care and education of the children of the marriage, and the court may likewise after judgment modify its orders with respect to allowances for the support of the former wife. R. C. M. 1947, sec. 21-139.

Hence under our statute a divorce action is "pending" within the meaning of R. C. M. 1947, sec. 21-137, so long as the court

has authority to modify the judgment in any respect. If it isn't pending in contemplation of law, then by what process of reasoning is it subject to modification?

The narrow construction placed upon the statutes in the dissenting opinion in the McDonald Case and which the majority opinion herein now adopts, makes the mother's custody of children dependent upon her financial ability to employ an attorney and embark upon litigation. This, I think, should not be the rule, and under our statutes it is not the rule.

I think the majority opinion in the McDonald Case is correct and that the order allowing attorney's fees on the strength of the holding in that case should be affirmed.

I also disagree with that portion of the opinion of the Chief Justice which holds that witnesses who had been acquainted with plaintiff for considerable periods of time could give their opinions as to whether she was a fit and proper person to have the custody of her minor children. I agree that on proper subjects opinion evidence may be given by an ordinary observer. 32 C. J. S., Evidence, sec. 455, page 94. But there are limitations on the subject matter with which an ordinary observer may give his conclusion. 32 C. J. S., Evidence, sections 463-471, inclusive, pages 103-126. No useful purpose would be subserved in reviewing the authorities on analogous questions. This court before the turn of the present century has answered the question before us.

In State ex rel. Giroux v. Giroux, 19 Mont. 149, 47 Pac. 798, 802, the court disposed of the point by saying: "The following interrogatory was propounded to several witnesses whose depositions were taken, namely: 'Which do you consider the better qualified to have the care and custody of their said minor child, George L. Giroux, now about seven years of age,—relator or respondent?' It was objected to as incompetent on the ground that it asked for a conclusion of the witnesses. We think the court was right in sustaining the objection. The question manifestly asked for a conclusion, and was therefore clearly incompetent. The following interrogatory was also propounded: 'State whether you

consider respondent a fit and proper person to have the care and custody of the said minor child, George L. Giroux, and give reason for your opinion.' While this last interrogatory is less objectionable than the former, still the objection to it, that it asked for a conclusion, was properly sustained.''

I find there was ample evidence in the record to sustain the trial court's order without the opinion evidence, and for that reason reception of this evidence was harmless error.

I think the order of the trial court should be sustained in its entirety.

MR. JUSTICE ANDERSON:

I dissent. Granting that this court has the right of flexibility in rendering its decisions, I nonetheless think that rights incurred by reason of a former decision cannot be divested because we choose to change our mind.

Under the ruling in McDonald v. McDonald, 124 Mont. 26, 218 Pac. (2d) 929, 15 A. L. R. (2d) 1260, the former wife in the instant cause had a perfect right to assume that she could seek attorney's fees. Likewise her counsel had a perfect right to assume that he could follow the avenue announced in that decision for the fees which he was to get. It seems safe to assume that such was the basis of contract upon which both the litigant and the lawyer proceeded.

Such being the case I do not believe that this court can divest them of the interest acquired under a former ruling. Compare: Montana Horse Products Co. v. Great Northern Railway Co., 91 Mont. 194, 7 Pac. (2d) 919; Sunburst Oil & Refining Co. v. Great Northern Railway Co., 91 Mont. 216, 7 Pac. (2d) 927.

As was said in Continental Supply Co. v. Abell, 95 Mont. 148, 24 Pac. (2d) 133, 140, ''It is unnecessary that it be shown that reliance was actually placed by defendants upon the former decision. Reliance thereon will be presumed.''

If the rule is now to be changed it should apply only to those matters and causes arising after the instant decision is rendered.