No. 13010

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ALLEN WELLS WILSON, a minor by and through
his Guardian, Gloria Roche,

                Plaintiff and Appellant,

-vs-

JAMES H. SWANSON, JR. and JAMES H. SWANSON, III,

                Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
           Honorable Robert Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrison and Hedman, Whitefish, Montana
        Frank B. Morrison argued, Whitefish, Montana

    For Respondents:

        Warden, Walterskirchen & Christiansen, Kalispell,
        Montana
        Merritt N. Warden argued and Gary L. Christiansen,
        argued, Kalispell, Montana

---

                Submitted: December 12, 1975

                Decided: FEB 11 1976

Filed: FEB 11 1976

*Thomas J. Kearney*
                Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is a personal injury action by a 14 year old passenger in a panel truck against the 15 year old driver and his father. Plaintiff appeals from a judgment entered on a jury verdict in favor of both defendants and from denial of their motion for a new trial.

Plaintiff is Gloria Roche, mother and guardian of the 14 year old passenger, Allen Wells Wilson. Defendants are James H. Swanson III, the 15 year old driver, and James H. Swanson, Jr., his father. The father's liability is predicated on signing his son's application for a driver's license.

The accident forming the basis of this action occurred about 7:00 p.m. on May 18, 1972. Plaintiff's son, Allen Wells Wilson, was a guest passenger in a 1953 GMC panel truck driven by defendant James H. Swanson III. The vehicle was being driven on a "trail" through the woods in the area of Glen Lake, southeast of Eureka, Montana. After descending a hill, the vehicle hit a ditch intersecting the trail, left the trail, hit a tree, and propelled plaintiff partially through the windshield. According to plaintiff, he sustained a fracture of the right femur, has had a cup mold arthroplasty performed to temporarily alleviate complications involving his right hip joint, and in the future will require a total hip replacement.

The primary battleground at the trial was the speed at which the panel truck was traveling prior to and at the time of the accident. The truck had no speedometer and opinion evidence of the occupants of the vehicle varied.

Following the accident, the truck's gear shift was observed to be locked in second gear. Defendant James H. Swanson, Jr. was permitted to testify that in his experience with a similar truck, a 1951 GMC flatbed, the maximum speed in second gear

was 18 mph. On rebuttal the previous owner of the accident vehicle, Harry Fowler, testified that he had conducted a test with an identical 1953 GMC panel truck and the maximum speed was 23 mph in second gear.

The jury was instructed, in effect, that Fowler's rebuttal testimony was limited to affecting the weight and credibility of defendants' evidence and for impeachment purposes of defendants' witnesses.

Another point of conflict at the trial was what steps plaintiff had taken for his own safety and whether or not any of his acts or omissions rendered him contributorily negligent and barred recovery of damages.

Four issues are presented for review on appeal:

(1) Should the issue of contributory negligence have been submitted to the jury?

(2) The admissibility of James H. Swanson, Jr.'s testimony concerning the maximum speed in second gear of a 1951 GMC flatbed truck,

(3) Error in giving instruction No. 6 on rebuttal testimony.

(4) Constitutionality of the Montana guest statute.

It is conceded that the district court submitted the issue of contributory negligence to the jury and instructed them that if they found plaintiff was contributorily negligent his action was barred. Plaintiff contends that there is no evidence on which to base such an instruction, while defendants contend there is.

We hold that submission of the issue of contributory negligence was reversible error under the evidence at the trial. Montana's guest statute requires gross negligence and reckless operation before liability attaches to the driver, ordinary

- 3 -

negligence being insufficient to render the driver liable to the passenger. Section 32-1113, R.C.M. 1947. Thus as a general rule, ordinary negligence on the part of the guest passenger will not bar his claim. 5 Blashfield Automobile Law Practice, Third Edition, Secs. 215.51, 215.3 and 215.4; 44 ALR2d 1342, Sec. 2; 7 Am Jur 2d, Automobiles & Highway Traffic, Sec. 362, p. 909; 8 Am Jur 2d, Automobiles & Highway Traffic, Sec. 525, p. 82; Restatement 2d, Torts, Sec. 482, p. 538. Contributory negligence is allowed as a complete defense or bar, under the doctrine of comparative misconduct, only when the guest's lack of care for his own safety equals the recklessness or willfulness of the driver. 8 Am Jr 2d, Automobiles & Highway Safety, Sec. 525, p. 82; 44 ALR2d 1342, Sec. 4. A review of the record discloses no evidence of gross negligence or reckless conduct on the part of the passenger permitting a basis for submission of the issue of contributory negligence to the jury. The prejudicial effect of such submission is obvious.

The plaintiff asserts that the trial court erred in permitting James H. Swanson, Jr. to testify as to the maximum speed in second gear of a 1951 GMC flatbed truck. The truck involved in the accident was a 1953 GMC panel truck. Plaintiff objected to this testimony on the basis that it relates to an experiment or test and no foundation was laid to show that the 1951 GMC flatbed was substantially similar to the 1953 GMC panel truck.

We find that the district court was not in error. First, plaintiff misconstrues the nature of the evidence presented by James H. Swanson, Jr. His testimony relates to his experience with a similar vehicle and is not a report as to the results of a test or experiment. In Irion v. Hyde, 110 Mont. 570, 105 P.2d 666, this Court said that a witness with special knowledge on a subject outside the experience of the ordinary man may be permitted

to state his conclusion as to what happened based on facts he has observed. A witness of this type possesses an area of superior knowledge which enables him to understand, as one without this special knowledge could not, what he has observed. Mr. Swanson has had extensive experience with a similar vehicle and his testimony was properly offered as an aid to the jury in determining the speed the truck was traveling prior to the accident. Second, a foundation was properly laid for the admission of this testimony. On direct examination Mr. Swanson testified that he has been a truck driver for many years, is experienced with a variety of vehicles, and has driven a 1951 GMC flatbed well over one hundred thousand miles. He stated that both the panel and flatbed trucks have identical four speed transmissions and gearing. If any further foundation was needed it was completed on cross-examination when he testified that both trucks had identical 248 cubic inch six cylinder engines. We hold the testimony admissible.

Plaintiff presented the testimony of Henry Fowler, the former owner of the accident vehicle, in rebuttal. The substance of his testimony was that he had conducted a test with a 1953 GMC panel truck identical to the accident vehicle and had achieved a speed of 23 mph in second gear. The district court gave this instruction to the jury concerning Fowler's testimony:

> "You are instructed that the plaintiff presented certain testimony as rebuttal. Such evidence is limited to affecting the weight and credibility of the defendants' evidence and for impeachment purposes of defendants' witnesses."

The reason the court gave this instruction is indicated in its memorandum attached to its order denying plaintiff a new trial. Plaintiff did not at the time of the pretrial conference or at any time prior to trial indicate an intention to call Fowler as a witness. The spirit of the Rules of Civil Procedure and the practice of the district judge require full disclosure of witnesses

- 5 -

in advance of trial. Thus Fowler could not be used as a witness in plaintiff's case-in-chief to furnish substantive proof of a fact in issue. But neither the Rules of Civil Procedure nor the district judge's practice requires advance disclosure of rebuttal witnesses for obvious reasons. Thus Fowler could testify on rebuttal, but the instruction was necessary to prevent his testimony being considered on the same basis as those witnesses who were disclosed in advance of trial and gave testimony in plaintiff's case-in-chief. So went the district court's reasoning.

In our view, the limiting instruction was applied here as a sanction to promote the salutary objective of full disclosure of witnesses in advance of trial as required by the Rules of Civil Procedure. Nonetheless, the substantive effect of rebuttal evidence cannot be diminished in this manner to accomplish even the most laudable purpose. The correct rule is summarized in the following language from 31 C.J.S. Evidence § 2:

> "Rebutting evidence is that which is given to explain, repel, counteract, or disprove facts given in evidence by the adverse party. It is that evidence which has become relevant or important only as an effect of some evidence introduced by the other side. Rebutting evidence means not merely evidence which contradicts the witnesses on the opposite side, but also evidence in denial of some affirmative fact which the answering party has endeavored to prove. It embraces all testimony which tends to counteract or overcome the legal effect of the evidence for the adverse party."

Also see State v. Hewett, 73 Idaho 452, 254 P.2d 677; State v. Mundell, 66 Idaho 339, 158 P.2d 799; State v. Gish, 87 Idaho 341, 393 P.2d 342; 29 Am Jur 2d, Evidence § 250, p. 298; 4 Jones on Evidence, 6th ed, § 24:1, p. 74.

In our view, the limiting instruction should not have been given under those circumstances.

The final question concerns the constitutionality of Montana's guest statute, section 32-1113:

"Owner or operator of vehicle released from responsibility for injuries of guest, when. The owner or operator of a motor vehicle shall not be liable for any damages or injuries to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, nor for any damages to such passenger's or person's parent or guardian, unless damage or injury is caused directly and proximately by the grossly negligent and reckless operation by him of such motor vehicle."

The same, similar, and dissimilar guest statutes have been declared both constitutional and unconstitutional by various state and federal courts for a variety of reasons. For representative decisions holding guest statutes unconstitutional see Brown v. Merlow, 106 Cal.Rptr. 388, 506 P.2d 212; Henry v. Bauder, 213 Kan. 751, 518 P.2d 362; Johnson v. Hassett, N.Dak. (1974), 217 N.W. 2d 771; Thompson v. Hagan, 96 Idaho 19, 523 P.2d 1365; Primes v. Tyler, 43 Ohio St.2d 195, 331 N.E.2d 723/(1975); Manistee v. McGowan, 394 Mich. 655, 232 N.W.2d 636; Laakonen v. Eighth Judicial District Court, Nev. (1975), 538 P.2d 574· Contra: Silver v. Silver, 280 U.S. 117, 50 S.Ct. 57, 74 L.ed 221; Cannon v. Oviatt, Utah (1974), 520 P.2d 883; Justice v. Gatchell, Del. (1974), 325 A.2d 97; Keasling v. Thompson, Iowa (1974), 217 N.W.2d 687; Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581; Delany v. Badame, 49 Ill.2d 168, 274 N.E.2d 353.

Montana's guest statute has been in effect for over 40 years. It was created by the legislature (Ch. 195, Laws of 1931) and has now been annulled by the legislature (Ch. 236, Laws of 1975). Its repeal became effective July 1, 1975. Under these circumstances we decline to hasten its demise by judicial decision. We decline to legislate retroactively as condemned in Montana Horse Products Co. v. Great Northern Ry. Co., 91 Mont. 194, 7 P.2d 919; Sunburst O. & R. Co. v. Great North. Ry. Co., 91 Mont. 216, 7 P.2d 927, aff'd 287 U.S. 358, 53 S.Ct. 145, 77 L.ed 360, 85 ALR 254; 10 ALR3d 1371, Sec. 7(a).

The judgment of the district court is reversed and the

case remanded to the district court for a new trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Justice Wesley Castles specially concurring:

I concur in the result but not in all that is said therein.

_____
Justice

- 8 -