
ORIGINAL

FILED

07/19/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0277

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0277

FILED

JUL 19 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

TROUT UNLIMITED, INC.,

Petitioner,

v.

MONTANA WATER COURT, the HON.
STEVEN R. BROWN, Associate Water Judge,

Respondent.

O R D E R

Trout Unlimited, Inc. (TU), petitions this Court for a writ of supervisory control over the Montana Water Court, seeking review of that Court's July 14, 2021 order in Water Court Case 41H-0008-R-2020 (*In re City of Belgrade*) adopting a June 18, 2021 Master's Report after no party filed objections. At the Court's invitation, both the City of Belgrade and the City of Three Forks have responded.

The underlying matter arose when the City of Belgrade filed objections to its own four water rights claims. The City of Three Forks filed a Notice of Intent to Appear. There were no other objectors besides Belgrade, and the claims did not receive issue remarks. Belgrade filed a Stipulation to resolve its objections, with a supporting brief.

After considering Belgrade's submissions, the Water Master granted the City of Belgrade a maximum volume of 1,612 Acre Feet for each of its claim numbers 41H 6481-00 and 41H 6482-00, reasoning that Belgrade had "proven documentation of the growth of its current needs." Belgrade therefore satisfied the requirements of § 85-2-227(4), MCA, which was intended to allow cities and towns "to protect existing uses plus a reasonable amount of water for foreseeable future needs." There being no objections filed, the Water Court adopted the Master's Report without comment and approved the Master's record changes reflected on the abstract for each claim.

TU, which was not a party to the Water Court proceeding, filed its petition nearly a year later, seeking this Court's original jurisdiction to reverse the Water Court's order. TU alleges that the Water Court misapplied the presumption of non-abandonment for municipal water rights codified in § 85-2-227(4), MCA, thereby expanding the scope of Montana's growing cities doctrine and exceeding the jurisdictional limits of the Water Court's adjudication of municipal water use. TU contends that the court's order raises constitutional issues of statewide importance because it subordinates constitutionally protected senior water rights without due process and has statewide ramifications, for which appeal from an ultimate final decree at some point in the future is an inadequate remedy. TU further requests this Court to stay proceedings in another case, *In re Town of Manhattan*, Water Court Case 41H-0140-R-2020, and in other active municipal water rights cases pending the Court's resolution of the issue presented.

Although TU has actively participated in the Gallatin River Basin's water-allocation issues, its present petition is TU's first appearance to contest the City of Belgrade's claim. TU argues that it did not receive notice that Belgrade would "unlawfully" seek to expand its water right claims above the noticed amount, so it did not file objections to Belgrade's municipal water rights claims or notices of intent to appear (NOIAs), and therefore it was not a party to the case. It points out that only Belgrade and Three Forks have a right to appeal pursuant to Rule 23, W.R.Adj.R., and § 85-2-235(3), MCA. TU submits that it and other water users thus require an extraordinary remedy. It maintains that the Water Court's alleged mistake will adversely affect water rights in Basin 41H long before parties may appeal a final decree. *See* § 85-2-235(1), MCA. Moreover, it submits, the Water Court is actively adjudicating municipal water rights in open cases in Basin 41H. TU points out that the City of Manhattan already has filed a motion for summary judgment in Water Court Case 41H-0140-R-2020 asking the court for the "*Belgrade* result."

The City of Belgrade responds that the Water Court gave public notice of Belgrade's volume objections, and TU could have objected or filed a notice of intent to appear, just like the City of Three Forks did. Belgrade argues that TU has requested this Court to take the extraordinary step of assuming supervisory control over "every Water Court case

2

implicating the growing cities doctrine." But TU has never attempted to object, appear, or otherwise participate in any of these cases before the Water Court and should not be permitted to circumvent the ordinary Water Court process. Belgrade contends further that TU has misstated the Water Master's factual findings, which are not reviewable on a petition for supervisory control. The City of Three Forks urges denial of supervisory control on similar grounds, emphasizing the requirements of law that parties participate in the Montana water rights adjudication process to assert their interests.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and, applicable to TU's arguments, when the other court is proceeding under a mistake of law and is causing a gross injustice. M. R. App. P. 14(3). In that regard, supervisory control is appropriate when the trial court is proceeding based on a mistake of law which, if uncorrected, would cause significant injustice for which an appeal is an inadequate remedy. *Truman v. Mont. Eleventh Judicial Dist. Court*, 2003 MT 91, ¶ 13, 315 Mont. 165, 68 P.3d 654 (citing *Park v. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267).

TU does not claim that it could not have filed an objection or a notice of intent to appear in the Belgrade case or could not do so in other municipal water rights proceedings. Nor does it contend that the Water Court failed to comply with statutory notice requirements when it gave notice that interested parties should review the objection list for the affected claims and file any notices of intent to appear. *See* Rule 9, W. R. Adj. R. TU maintains that it did not do so because Belgrade's objections referred to its historical rights and did not mention the growing cities doctrine. TU argues that the Water Court's notice "at best alerted potential NOIA parties that Belgrade believed the volumes for water rights claims 41H 6481-00 and 41H 6482-00 were 'inaccurately claimed.'" TU maintains that it could not have known that "the Water Court would illegally increase Belgrade's claimed volumes lacking evidence from before 1973, as required for all modifications to a claim in the adjudication."

3

We observe that under § 85-2-235(3), MCA, "[a]n interlocutory ruling by the water judge upon a question of law may be appealed by any party who is affected by the decision and who participated in the matter in which the ruling was issued." We have long held that "supervisory control, invoking the original jurisdiction of the supreme court, is not a substitute for an appeal allowed and provided by statute." *McVay v. McVay*, 128 Mont. 31, 36, 270 P.2d 393, 395 (1954) (citations omitted). Having reviewed the petition and responses, the Court concludes that TU has not met the M. R. App. 14(3) requirements for supervisory control.

IT IS THEREFORE ORDERED that the Petition for Writ of Supervisory Control is DENIED and DISMISSED.

IT IS FURTHER ORDERED that the request for stay is DENIED as moot.

The Clerk is directed to provide notice of this Order to all counsel of record in the Water Court's Case No. 41H-0008-R-2020 and to the Honorable Stephen R. Brown, presiding Water Court Judge.

Dated this 19ᵗʰ day of July, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4